MORAINE PRODUCTS, INC v PARKE, DAVIS & COMPANY

1. EVIDENCE—PAROL—ADMISSIBILITY—TECHNICAL TERMS.

Parol evidence is generally admissible to explain technical or trade terms in a written instrument.

2. EVIDENCE—PAROL—ADMISSIBILITY—TECHNICAL TERMS.

Admission of expert testimony to determine whether a product manufactured by defendant licensee was a "compound combination" within the meaning of the parties' patent licensing agreement so as to allow royalties paid to plaintiff licensor to be prorated was not error.

3. TRIAL—CLOSING ARGUMENT—IRRELEVANT FACTS—PRESERVING QUESTION.

Allowing plaintiff to mention in closing argument certain allegedly irrelevant facts that were admitted in the pleadings was not reversible error where defendant failed to move under the court rules to strike the matter as immaterial and failed to preserve its right to appellate review of improper argument by not requesting a curative instruction or moving for a mistrial (GCR 1963, 115.2).

Appeal from Oakland, Frederick C. Ziem, J. Submitted Division 2 June 18, 1972, at Detroit. (Docket No. 11281.) Decided September 28, 1972. Leave to appeal denied, 388 Mich 813.

Complaint by Moraine Products, Inc., against Parke, Davis & Company for royalties due under a patent licensing agreement. Judgment for plaintiff. Defendant appeals. Affirmed.

*McCauley & MacLeod,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 30 Am Jur 2d, Evidence §§ 1075, 1079.
[3] 5 Am Jur 2d, Appeal and Error §§ 545 *et seq.;* 624–627.

*Miller, Canfield, Paddock & Stone* (by *Gilbert E. Gove),* and *Dr. Edward J. Gall,* for defendant.

Before: DANHOF, P. J., and LEVIN and BORRA-DAILE,* JJ.

PER CURIAM. This is a contract case in which the plaintiff sued for royalties it claimed were due under a patent license agreement entered into by the parties on November 23, 1963. The defendant has appealed from a judgment of $68,116.79 plus costs of $195.75 entered pursuant to a jury verdict in favor of the plaintiff. Motions for a new trial and judgment notwithstanding the verdict were denied.

There being no dispute as to the amount of damages, the sole issue presented to the jury was "Is the product Mylanta, as manufactured by the defendant, Parke-Davis, a compound combination within the meaning and intentions of the contracting parties so as to invoke the provision of the contract for the proration of the royalties to be paid?"

The provision of the contract referred to reads:

"If any of the licensed products subject to this agreement contain organopolysiloxane and finely divided silica combined with other therapeutically active products to form a compound combination, prior to sale by PARKE, its subsidiaries and/or companies owned or controlled directly or indirectly by PARKE, the net sales for the licensed products contained therein shall be taken to be, for the purpose of this agreement, as the ratio of the actual purchase price, to the company producing said combination, of the organopolysiloxane and finely divided silica in the compounded combination to the actual purchase price, to the company producing said combination, of the total therapeutic ingredients in

---

* Probate judge, sitting on the Court of Appeals by assignment.

the compounded combination, multiplied by the net sales of the combination. (Ninety-five per cent [95%] of the amount billed or invoiced customers for compounded combinations sold hereunder less allowances and credits actually extended to customers on account of the rejection or return of such goods.) Thus, for example, if the purchase price to PARKE of the organopolysiloxane and silica in a compounded combination subject to this agreement is $0.10, the price to PARKE of the total therapeutic ingredients in the compounded combination is $0.25 and PARKE'S net sales of the compounded combination are $5,000.00, the net sales on which royalty payment is made, would equal

$$\frac{0.10}{0.25} \times 5000 = \$2,000;$$

but in no instance shall royalties for the compound combination be calculated using a ratio of less than one-fourth (1/4)."

The parties agreed that Mylanta is a licensed product containing organopolysiloxane and finely divided silica combined with other therapeutically active products. However, the plaintiff maintained that Mylanta was not a compound combination whereas the defendant maintained that it was.

Just before the first witness was called, defense counsel moved for summary judgment. He argued that parol evidence was not admissible to vary the terms of the contract which were clear and unambiguous. The motion was denied but without prejudice to the defendant's right to renew the motion at the completion of the plaintiff's case. After the plaintiff rested, defense counsel moved for a directed verdict, again arguing that extrinsic evidence of the meaning of the words "compound combination" was not admissible to change the terms of a contract clear on its face. His motion was denied.

Conflicting expert testimony was presented as to

whether Mylanta was or was not a "compound combination". The different interpretations seemed to depend in part at least on whether a pharmaceutical or a chemical definition was intended. The jury verdict was:

"We have come to the conclusion that Mylanta is not a compound combination; therefore, we find in favor of the plaintiff."

Parol evidence being generally admissible to explain technical or trade terms in a written instrument, it is our opinion that the trial court did not err in admitting the expert testimony in this case. We quote from 30 Am Jur 2d, Evidence, § 1075, pp 220–221:

"Parol evidence is always receivable to define and explain the meaning of words or phrases in a written instrument which are technical and not commonly known, or which have two meanings—the one common and universal and the other technical. Similarly, where a new and unusual word or phrase is used in a written instrument, or where a word or phrase is used in a peculiar sense as applicable to a particular trade, business, or calling or to any particular class of people, it is proper to receive extrinsic evidence to explain or illustrate the meaning of that word or phrase. Such evidence neither varies nor adds to the written memorandum, but merely translates it from the language of trade into the ordinary language of the people generally. Under this rule, parol evidence is admissible to show that apparently ambiguous statements of description and price have a recognized meaning in the trade or business to which the contract relates.

"A well-recognized technical meaning of a term does not necessarily preclude oral evidence of an intended or understood modified meaning, where the circumstances and language in connection with which it is used tend to obscure it and leave in doubt the light in which the parties to the agreement regarded it."

See also *Brown v A F Bartlett & Co,* 201 Mich 268 (1918), and 11 Michigan Law & Practice, Evidence, § 218, p 428.

The defendant also argues that the trial court erred in allowing the plaintiff to mention in closing argument certain allegedly irrelevant facts that were admitted in the pleadings. No reversible error occurred. A remedy was available, of which the defendant did not make use, by way of a timely motion to strike the matter as immaterial. GCR 1963, 115.2. Further, the right to appellate review of allegedly improper closing argument is preserved by a request for a curative instruction or a motion for a mistrial. See *Koepel v St. Joseph Hospital,* 381 Mich 440 (1968). The defendant failed to make such a request or motion.

Affirmed. Costs to plaintiff.