**Doris J. Parr BROOKINS,
Plaintiff–Appellant,**

v.

**GENERAL MOTORS CORPORATION,
Defendant–Appellee.**

No. 86–2168.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 16, 1987.

Decided Dec. 1, 1987.

Raymond G. Mullins, Ypsilanti, Mich., for plaintiff-appellant.

Alice M. Osburn, Office of General Counsel, General Motors Corp., Detroit, Mich., for defendant-appellee.

Before WELLFORD and GUY, Circuit Judges, and HIGGINS, District Judge.[*]

PER CURIAM.

Plaintiff, Doris Brookins, appeals the dismissal of her civil rights claims. The district court dismissed her complaint as barred under the doctrine of res judicata. We affirm.

**I.**

Plaintiff originally filed suit in the Wayne County Circuit Court of Michigan on December 8, 1981, alleging breach of employment contract, negligence, race and sex discrimination, and willful and wanton misconduct arising out of the termination of her employment at General Motors on or about July 13, 1979. Venue was subsequently changed to Ingham County Circuit Court on February 22, 1982. Over the next few years some small amount of discovery was conducted in the form of an exchange of interrogatories. Plaintiff also appealed an adverse ruling on a motion to compel production of defendant's affirmative action plan to the Michigan Court of Appeals.

---

* Honorable Thomas A. Higgins, United States District Court for the Middle District of Tennessee, sitting by designation.

This interlocutory appeal was dismissed by stipulation. Depositions were noticed, but never conducted. Finally, on September 11, 1985, an order of withdrawal of attorney for plaintiff was entered and plaintiff was given sixty days to secure new counsel.

On April 8, 1986, in accordance with notice received by defendant, the case was called for hearing on the no-progress calendar and dismissed. Defendant was present at the calendar call. Defendant served its notice of intent to file order upon plaintiff on April 8, 1986, in response to which she requested additional time to secure counsel. An order was entered on April 23, 1986, dismissing the case with prejudice.

Plaintiff, after securing counsel, subsequently filed a motion to reinstate the dismissed action. After a hearing on June 11, 1986, at which both parties were represented by counsel and oral argument was heard, plaintiff's motion was denied. No appeal was taken to the Michigan Court of Appeals.

Plaintiff filed suit in the United States District Court for the Eastern District of Michigan on July 24, 1986, raising essentially the same allegations as in her state court complaint: breach of employment contract, negligence, and race and sex discrimination arising out of the termination of her employment on July 13, 1979. Defendant moved to dismiss on the grounds of res judicata. The district court determined that the previous state court dismissal with prejudice was an adjudication upon the merits and that the doctrine of res judicata therefore barred the reinstitution of plaintiff's case in the district court. Plaintiff appeals.

## II.

Under the doctrine of claim preclusion, or res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 467 n. 6, 102 S.Ct. 1883, 1890 n. 6, 72 L.Ed.2d 262 (1982). Claim preclusion, therefore, operates to

"relieve parties of the cost and vexation of multiple lawsuits, [t]o conserve judicial resources, and, by preventing inconsistent decisions, [to] encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). Furthermore, "[i]t is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Consequently, this court must give the prior judgment of the Ingham County Circuit Court the same preclusive effect as Michigan courts would give that judgment. Michigan courts follow the standard rule of claim preclusion. Under Michigan law, claim preclusion requires three prerequisites: (1) the prior action resulted in a decision "on the merits"; (2) the second action concerns the same matter in issue as the first action; and (3) both actions involve the same parties or their privies. *Eliason Corp. v. Bureau of Safety and Regulation of the Michigan Department of Labor*, 564 F.Supp. 1298 (W.D.Mich. 1983); *Curry v. City of Detroit*, 394 Mich. 327, 231 N.W.2d 57 (1975). The latter two elements of claim preclusion have been conceded by plaintiff; that is, plaintiff did not dispute below that her federal action concerned the same matter in issue as the first action, nor did she contend that the same parties were not involved. Rather, below and on appeal, plaintiff contended that the state action did not result in a decision on the merits.

In dismissing, the trial court relied on *Wilkie v. Schwan's Sales Enterprises, Inc.*, 541 F.Supp. 1193 (W.D.Mich.1982). As in the instant case, Wilkie's state court complaint was dismissed for no progress. Wilkie subsequently brought the same action in federal court, and defendant moved to dismiss based on res judicata. The trial court sought to determine whether the dismissal of a case on the no progress calendar was considered to be an adjudication on the merits. After a lengthy and careful

review of Michigan case law, as well as the Michigan Court Rules, the court determined that if the state court had given individualized consideration to the dismissal of the case, as opposed to "housekeeping" dismissals which are handled ministerially, then the state court adjudication was on the merits. 541 F.Supp. at 1197.

The Michigan Supreme Court has recently approved this formulation of when a no progress dismissal constitutes an adjudication on the merits:

> An administrative decision to dismiss a case for lack of progress does not operate as an adjudication on the merits. However, where a hearing and individualized consideration is given to the party against whom dismissal enters, whether in the form of a hearing on the court's own motion as by an order to show cause, appearance at a no-progress call, or on a motion for reinstatement of a no-progress dismissal, a dismissal under GCR 1963, 504.2 is with prejudice, *Eliason Corp. v. Bureau of Safety & Regulation*, 564 F.Supp. 1298, 1301 (W.D. Mich.1983); GCR 1963, 504.2.

*North v. Department of Mental Health*, 427 Mich. 659, 661, 397 N.W.2d 793, 794 (1986).

In the instant case, the state court gave individualized consideration to plaintiff's no progress dismissal, in the form of a hearing on a motion for reinstatement, before ordering dismissal with prejudice. Consequently, the state court's dismissal operates as an adjudication on the merits. Nevertheless, plaintiff contends that because the no progress dismissal allegedly was entered in violation of Michigan Court Rules, it should not operate to bar her federal claim.

Plaintiff first argues that under Michigan Court Rules 2.502(B)(2)(c) a no progress dismissal may not be entered before the date specified for completion of discovery under Michigan Court Rule 2.301. That section states that "[d]iscovery must be completed 1 year after an answer has been filed unless the court sets another date...." Although the one year discovery period had expired years before the

court dismissed the case, plaintiff argues that the trial court erred by not setting another discovery cut-off date prior to dismissing her case.

Plaintiff does not offer any explanation as to why the court should have set a new discovery cut-off date prior to dismissing her case. Such a procedure is in no way suggested by the dismissal rule, which was apparently intended to prevent no progress dismissals from occurring too early in the litigation process. Moreover, plaintiff does not indicate that the case would have progressed any differently if the court had set a new discovery cut-off date. We find this argument patently without merit.

Plaintiff next argues that while federal courts must give state court judgments the same preclusive effect as would be given by the state court, in this case, state courts would not give the state court dismissal preclusive effect because it was allegedly entered in violation of the Michigan Court Rules. Plaintiff asserts that the state court's dismissal was irregular because that court failed to notify plaintiff that her case had been called on the no progress calendar, citing *Laidler v. National Bank of Detroit*, 133 Mich.App. 85, 348 N.W.2d 42 (1984), and Michigan Court Rule 2.502(A) (requiring notice to parties in order to dismiss for lack of progress). Plaintiff contends that she received no notice that her case was subject to dismissal for no progress.

Plaintiff failed to make this argument in the trial court below. Consequently, we are unable to address it on appeal. *Boone Coal and Timber Co. v. Polan*, 787 F.2d 1056, 1064 (6th Cir.1986). Moreover, we note that in spite of plaintiff's contention that Michigan courts would not give preclusive effect to the state court judgment of dismissal, plaintiff chose to bring this action in federal court rather than appealing the adverse judgment of the Ingham County Circuit Court.

Finally, plaintiff argues that the federal courts should not give preclusive effect to the state court's dismissal because plaintiff was denied a full and fair opportunity to litigate her claims in state court. We dis-

agree. Plaintiff "freely and without reservation" submitted her claims to the state courts. *Haring v. Prosise*, 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983). Had she exercised due diligence in the prosecution of her claims, she would have had ample opportunity to have the merits of her case heard. In addition, plaintiff failed to take an appeal to the state courts when faced with an adverse ruling. The fact that plaintiff never actually litigated the merits of her claims is due to her lack of diligence, and not a denial of a full and fair opportunity to do so.

The judgment of the district court is AFFIRMED.