966 F.2d 1454
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hal Brian STICKNEY, Plaintiff-Appellant,
v.
Chrysostomos TRIKES, Leland Young and City of Sterling
Heights, Defendants-Appellees.
 No. 91-1641.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1992.
 
 Before DAVID A. NELSON and SILER, Circuit Judges, SPIEGEL, District Judge.*
 PER CURIAM:
 
 
 1
 Plaintiff, Hal Stickney, brought a 42 U.S.C. § 1983 action against defendants, Lee Young and Chris Trikes, Sterling Heights Police Officers, alleging they used excessive force during his arrest in violation of his constitutional substantive due process rights. Plaintiff also brought a municipal liability claim against the City of Sterling Heights ("City") based on an alleged policy or custom of inadequate training and supervision ("federal action"). Simultaneously, plaintiff filed a state court action, based on the same factual allegations in the federal action, alleging various common law tort claims ("state action"). On August 17, 1989, the state court dismissed all the claims except for negligence and assault and battery.
 
 
 2
 The district court granted the City's summary judgment motion, finding that plaintiff failed to establish a City policy or custom of inadequate training or supervision. In the companion state action, plaintiff accepted Young and Trikes' offer of judgment, filed under Michigan Court Rule 2.405, and received separate substantial monetary judgments against each officer. As the state action arose from the same incident involved in the federal action, the district court dismissed the federal action under res judicata and plaintiff appealed.
 
 
 3
 For the following reasons, we REMAND the district court's summary judgment in favor of the City and AFFIRM its dismissal of the federal action against Young and Trikes.
 
 I.
 
 4
 Young and Trikes responded to a complaint of a disorderly ex-husband. Plaintiff, who had been drinking, pleaded for marital reconciliation and forced his way into his ex-wife's apartment. He had a brief encounter with another man in the apartment, but the man fled before the police arrived.
 
 
 5
 When Trikes arrived, plaintiff had his ex-wife and their infant child cornered in the bedroom. After announcing his presence, Trikes tapped plaintiff on the shoulder, and plaintiff tackled Trikes. At this time, Young arrived and attempted to intercede in the struggle. Finally, Young struck plaintiff on the head with a metal Kel-Lite flashlight, and Young and Trikes handcuffed plaintiff. After being booked at the Sterling Heights Police Department, Young and another officer took plaintiff to the hospital, where he received stitches for a small cut on his head. After a jury trial, plaintiff was acquitted of assault and battery upon a police officer and resisting arrest charges.
 
 II.
 
 6
 The district court granted the City's summary judgment motion, finding plaintiff failed to raise a genuine issue of material fact. However, it failed to explain its findings in its order or a supporting memorandum. In addition, according to the court reporter, no record of the district court's oral findings is available. Thus, as no written transcript of the proceedings exist, there is no written district court opinion. Accordingly, we REMAND this action with instructions to the district court to submit a written memorandum providing reasons for granting the summary judgment for the City.
 
 III.
 
 7
 As a federal court must give the same preclusive effect to a state court judgment as would the courts of the state where the judgment was rendered, the district court dismissed the federal action against Young and Trikes. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). In Michigan, res judicata requires: (1) a prior decision on the merits; (2) a subsequent action concerning the same issue in the first action; and (3) the same parties or their privies in both. Brookins v. General Motors Corp., 843 F.2d 879, 880 (6th Cir.1987). The Michigan courts apply a broad res judicata doctrine, which bars claims actually litigated and which plaintiff could have brought in a prior action. Schwartz v. City of Flint, 466 N.W.2d 357, 359 (Mich.Ct.App.1991), cert. denied, 1992 WL 47768 (1992).
 
 
 8
 The test to determine what constitutes "arising out of the same transaction" is whether the same facts or evidence is essential to maintaining the actions. Id. While plaintiff's actions assert different "violations," the federal action arose out of the same facts as the state action, presenting in both courts the excessive use of force issue. Plaintiff had only one claim, but two different theories. Thus, under Michigan law, res judicata bars plaintiff's federal action against Young and Trikes.
 
 
 9
 This court notes that a section 1983 action is supplemental to a common law action arising out of the same factual circumstances. Therefore, a plaintiff is allowed to pursue remedies under state tort law and section 1983 simultaneously. Monroe v. Pape, 365 U.S. 167, 183 (1961); Braley v. City of Pontiac, 906 F.2d 220, 223 (6th Cir.1990). However, a supplemental section 1983 action is available only when the plaintiff seeks to vindicate a constitutional right that was not adequately vindicated by the state action. Id. Plaintiff brought a section 1983 action for violations of his Fourth and Fourteenth Amendment rights to liberty and his Eighth Amendment rights against cruel and unusual punishment in the federal district court, while simultaneously filing the state action. The state action was based on the same factual allegations made in the federal action. Plaintiff received substantial separate monetary judgments from Trikes and Young in the state action.
 
 
 10
 Although the constitutional violations were not expressly addressed in the state action, plaintiff's constitutional rights were vindicated through the state remedy. Thus, the district court properly concluded that allowing plaintiff's federal action would result in an improper "double recovery" and, therefore, properly dismissed the federal action on res judicata grounds. See Parratt v. Taylor, 451 U.S. 527, 538-539 (1981). Accordingly, we AFFIRM the district court's summary judgment on the claims against the individual officers.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation