38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Deborah L. RYKER, Plaintiff-Appellant,
v.
ABBOTT LABORATORIES, also known as Ross Laboratories,
Defendant-Appellee.
 No. 94-1260.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1994.
 
 Before: MILBURN, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Deborah L. Ryker, a pro se Michigan plaintiff, appeals a district court order granting summary judgment for the defendants in her employment discrimination action brought under Title VII of the Civil Rights Act of 1964 and Michigan's Elliot-Larsen Civil Rights Act. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking reinstatement, back pay, back benefits, and declaratory and injunctive relief, Ryker sued her former employer, Abbott Laboratories ("Abbott"), for allegedly discriminating against her because of her gender by failing to prevent acts of sexual harassment and discharging her in May 1990 for reporting those acts. She also alleged that, immediately after her discharge, a promotion she had applied for was awarded to a male employee with less seniority. The defendant moved for summary judgment on the grounds that res judicata, collateral estoppel, and statute of limitations barred her complaint. Ryker had previously filed a lawsuit against Abbott raising wrongful discharge claims under whistleblower and breach of contract theories. That lawsuit was decided adversely to Ryker; the district court found at that time that Ryker was discharged for repeated safety violations and her inability to get along with coworkers. A panel of this court affirmed the district court's denial of Ryker's motion to vacate judgment in that case. Ryker v. Abbott Laboratories, No. 93-1969 (6th Cir. March 25, 1994). Ryker's subsequent charge filed with the EEOC resulted in a right-to-sue letter after that agency determined that her charge, filed over two years after her discharge, was untimely.
 
 
 3
 The district court granted the defendant's motion for summary judgment in an opinion and order filed on February 17, 1994, after determining that Ryker's claims were barred by the doctrine of res judicata. On appeal, Ryker argues that res judicata is not applicable to her claims.
 
 
 4
 Upon review, we affirm the district court's order because there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). This court's review of an order granting summary judgment is de novo; it uses the same test as that used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993).
 
 
 5
 The district court did not err in finding that Ryker's claims were barred by the doctrine of res judicata. This court reviews de novo a district court's decision regarding claim or issue preclusion. Black v. Ryker/P.I.E. Nationwide, Inc., 15 F.3d 573, 582 (6th Cir.1994). The doctrine of claim preclusion, or res judicata, "mandates that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties, with respect both to every matter that was actually litigated in the first case, as well as to every ground of recovery that might have been presented." Id. (emphasis added). The requisite conditions are met in this case. Michigan courts also apply a broad res judicata doctrine, similar to that applied by federal courts. See Brookins v. General Motors Corp., 843 F.2d 879, 880 (6th Cir.1987); Schwartz v. City of Flint, 466 N.W.2d 357, 359 (Mich.App.1991), cert. denied, 112 S.Ct. 1562 (1992). Therefore, res judicata operates in this case to bar Ryker's employment discrimination claims, both state and federal.
 
 
 6
 In addition, the timely filing of an EEOC complaint is a prerequisite to a Title VII suit. 42 U.S.C. Sec. 2000e 5(e); EEOC v. Wilson Metal Casket Co., 24 F.3d 836, 839 (6th Cir.1994). Because Ryker filed her charge with the EEOC more than 180 days after the latest allegedly discriminatory action, the EEOC dismissed the complaint as untimely. Consequently, Ryker's Title VII complaint is likewise untimely and the defendant is entitled to judgment on this basis as well.
 
 
 7
 Accordingly, the district court's order, entered on February 23, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.