60 F.3d 829
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Thedford A. ROWSER, Plaintiff-Appellant,
v.
TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA
LOCAL 299, Defendant-Appellee.
 No. 94-1505.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1995.
 
 AFFIRMED.
 Before: MERRITT, Chief Judge; KEITH and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 Thedford A. Rowser, a pro se Michigan citizen, appeals a district court order denying Rowser's motion for summary judgment, granting the defendant's motion to dismiss in part, and granting the defendant's motion for summary judgment in part, in this employment discrimination case filed under the Elliott-Larsen Civil Rights Act and Title VII of the Civil Rights Act of 1964. Rowser has also filed a motion to waive the cost of the transcript of record. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The background facts are set forth in the district court's opinion and will not be repeated here. Suffice it to say that Rowser, a black female, alleged that defendant Teamsters Local Union No. 299 (the Union) "fail[ed] to represent [her] because of her race and her sex" with respect to a grievance relating to her discharge. In an opinion and order dated April 20, 1994, the district court denied Rowser's motion for summary judgment, granted the defendant's motion to dismiss as to Rowser's Title VII claim on the basis of collateral estoppel, and granted the defendant's motion for summary judgment as to Rowser's Elliott-Larsen claim on the basis that the claim was preempted by federal law, and thus barred because it was not timely filed.
 
 
 3
 Upon review, we affirm the district court's grant of summary judgment in favor of the defendant as there is no genuine issue as to any material fact and the defendant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); see LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 4
 Concerning Rowser's Elliott-Larsen claim, we affirm the district court's judgment for a different reason than that stated by the district court. See City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 251 (6th Cir.1994). We believe that the appropriate disposition of Rowser's Elliott-Larsen claim rests upon the doctrine of res judicata. Rowser had previously filed suit in state court arguing that her former employer, Wayne Car Releasing Services, Inc. (WCRS), discriminated against her because of her sex and race and that she was wrongfully discharged for these reasons. The state court, in granting summary judgment in favor of WCRS, concluded that Rowser failed to adduce factual support for a prima facie case of race or sex discrimination. Rowser now claims that the Union failed to provide her "fair representation" in conjunction with her grievance on the discharge because of her race and sex.
 
 
 5
 Under Michigan law, three conditions must be satisfied before res judicata will be invoked to preclude further litigation: (1) the prior action must have been decided on its merits; (2) the issues raised in the second case either were resolved in the first, or, through the exercise of reasonable diligence, might have been raised and resolved in the first case; and (3) both actions involved the same parties or their privies. Smith, Hinchman & Grylls, Assocs., Inc. v. Tassic, 990 F.2d 256, 257-58 (6th Cir.1993); see also Sloan v. City of Madison Heights, 389 N.W.2d 418, 422 (Mich.1986).
 
 
 6
 Because the essence of the race and sex discrimination claim had been presented and rejected in Rowser's earlier action, the first and second requirements for the application of res judicata have been satisfied. As to the third requirement, the parties are different. The previous action was against WCRS, Rowser's former employer. The instant action is against Rowser's Union. The Union did not acquire an interest in the subject matter of the previous suit through inheritance, succession, or purchase, and thus is not in privity with WCRS. See Howell v. Vito's Trucking & Excavating Co., 191 N.W.2d 313, 316 (Mich.1971). However, the lack of identity of parties does not always preclude the application of res judicata. See Lichon v. American Universal Ins. Co., 459 N.W.2d 288, 298 n. 16 (Mich.1990) (collateral estoppel applied). An exception to the requirement of identity of parties exists where the liability of the defendant is entirely dependent upon the culpability of one exonerated in a prior suit. See Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U.S. 111, 127-28 (1912). Indeed, the Union's liability is entirely dependent upon a finding that WCRS discriminatorily discharged Rowser. However, the decision of the state court was based upon a finding that Rowser had failed to establish a prima facie case of either race or sex discrimination. This finding was an adjudication of Rowser's rights against her former employer and constitutes res judicata against the present defendant.
 
 
 7
 Upon further review, we conclude that the district court properly dismissed Rowser's Title VII claim for damages based on the alleged discriminatory conduct because Rowser's claim is barred by collateral estoppel. The Michigan state court determined that Rowser failed to present a prima facie case of race or gender discrimination based on disparate treatment against the employer, and, therefore, she was not entitled to an award of wrongful termination damages. The prior proceeding was determined on the defendant's motion for summary judgment, a judgment on the merits.
 
 
 8
 In the present case, Rowser's counsel drafted the complaint which stated that "[a]s a direct and proximate result of LOCAL's failure to represent ROWSER, ROWSER was damaged by losing salary and benefits and suffering emotional distress and lost status." Although the words are somewhat different from the damages request before the state court, Rowser again request damages for wrongful termination after the same issue was actually raised, necessarily litigated and given full and fair consideration in state court. Thus, the state court's determination as to the issue of wrongful termination damages collaterally estops Rowser's federal action for the same. The elements of collateral estoppel are satisfied in this case because the state court necessarily determined that Rowser failed to support her wrongful termination claim based on discrimination sufficiently to establish a prima facie case. See Central Transp., Inc. v. Four Phase Sys., Inc., 936 F.2d 256, 259 (6th Cir.1991); Detroit Police Officers Ass'n v. Young, 824 F.2d 512, 515 (6th Cir.1987). Summary judgment was, therefore, appropriate.
 
 
 9
 Similarly, the state court's determination that "[Rowser] cannot succeed in establishing a factual basis for a claim based on intentional infliction of emotional distress" collaterally estops Rowser's claim in this federal action that "[a]s a direct and proximate result of LOCAL's failure to represent ROWSER, ROWSER was damaged by losing salary and benefits and suffering emotional distress and lost status."
 
 
 10
 Finally, summary judgment was proper to the extent Rowser claimed that emotional distress damages are proper against the union separate from the wrongful termination issue. "[C]ompensatory damages other than back pay are never appropriate in an action under Title VII." Farmer v. ARA Servs., Inc., 660 F.2d 1096, 1107 (6th Cir.1981). Although compensatory damages are recoverable under Section 102 of the Civil Rights Act of 1991, this section does not apply retroactively to Rowser's case. Landgraf v. USI Film Prods., 114 S.Ct. 1483, 1506-08 (1994).
 
 
 11
 For the foregoing reasons, the motion to waive the fees for a transcript is denied, and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.