95 F.3d 1152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Antonio GREY and Martain Thompkins, Plaintiffs-Appellants,
v.
Keith MORRIS, Ed Ketzler, Mark Temnyk, and Pat Mitchell,
Defendants-Appellees.
 No. 95-1862.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1996.
 
 Before: CONTIE, BOGGS, and NORRIS, Circuit Judges
 PER CURIAM.
 
 
 1
 The district court granted the defendants' motion for summary judgment and denied the plaintiffs' motion for reconsideration. We affirm.
 
 I.
 
 2
 On February 3, 1992, Wayne State University Public Safety Officers Mark Temnyk and Pat Mitchell responded to an armed robbery complaint and relayed descriptions of the alleged perpetrators to other law enforcement officers. Officers Keith Morris and Ed Ketzler subsequently observed and arrested plaintiffs-appellants Antonio Grey and Martain Thompkins because they matched the descriptions given by the complainant. The plaintiffs were later released when the complainant changed his story.
 
 
 3
 On August 18, 1993, Grey and Thompkins filed an action in state court against Officers Temnyk, Mitchell, Morris and Ketzler (collectively the "defendants-appellees") alleging violations of Michigan's constitution and Michigan's public accommodations statutes. On June 29, 1994, Wayne County Circuit Judge MacDonald granted the officers' motion for summary disposition and dismissed the plaintiffs' complaint with prejudice. Grey and Thompkins failed to appeal this ruling.
 
 
 4
 Instead, on October 3, 1994, Grey and Thompkins filed a 42 U.S.C. § 1983 action in district court against the same four law enforcement officers arising out of the same incident. The officers sought summary judgment alleging, inter alia, that plaintiffs' suit was barred by res judicata. The plaintiffs failed to respond to the defendants' motion. On April 20, 1995, the district court granted the officers' motion for summary judgment:
 
 
 5
 In VanDeventer [v. Michigan Nat'l Bank, 172 Mich.App. 456, 464 (1988) ], the court of appeals found that "Michigan courts apply the res judicata doctrine broadly so as to bar claims that were actually litigated as well as claims arising out of the same transaction which a plaintiff could have brought, but did not."
 
 
 6
 In the present case, plaintiffs' federal § 1983 action is precluded by the doctrine of res judicata or claim preclusion. First, plaintiffs' state court action was decided on the merits as it was terminated pursuant to Michigan's dispositive motion. See Sherrell v. Bugaski, 169 Mich.App. 10, 17 (1988) ("[a] dismissal on motion by the defendants, after judicial consideration, as opposed to a ministerial procedural dismissal, is an adjudication on the merits"); Wilson v. Knight-Ridder Newspapers, Inc., 190 Mich.App. 277, 279 (1991) ("dismissal with prejudice ... amounted to an adjudication of the merits and bars this action"). Judge MacDonald's order granting defendants' motion for summary disposition and dismissing plaintiffs' complaint with prejudice constitutes an adjudication on the merits.
 
 
 7
 Second, "through the exercise of reasonable diligence," plaintiffs could have raised the issues before this Court with the state court. See Department of Treasury v. Campbell, 161 Mich.App. 526, 529 (1986) ("[s]tate courts have concurrent jurisdiction over § 1983 claims").
 
 
 8
 Third, the parties in the present action are identical to those in the state action.
 
 
 9
 District Court's April 20, 1995 Opinion and Order Granting Defendants' Motion for Summary Judgment at 3-4 (citations omitted).
 
 
 10
 On April 28, 1995, Grey and Thompkins moved for reconsideration. On July 5, 1995, the district court denied the plaintiffs' motion for reconsideration:
 
 
 11
 In bringing the present motion, plaintiffs concede that "[t]he state court judge did not decide any issues of federal constitutional law as no claims of federal constitutional law were made in the state court." Despite this concession, plaintiffs later allege that "the state court judge failed to even acknowledge, let alone respect, the Plaintiffs' federal constitutional rights...." They contend, however, that "[i]t would turn 42 U.S.C. § 1983 on its head to say that because of the state court's failure to protect the Plaintiffs' State Constitutional Rights, their Federal Constitutional Rights claims would--because of that failure--also be ignored." In the present case, plaintiffs' federal claims were not "ignored" because [the state court] failed to protect plaintiffs' state constitutional rights; plaintiffs' federal claims were not addressed simply because plaintiffs failed to bring federal claims in its original action filed in state court....
 
 
 12
 District Court's July 5, 1995 Opinion and Order Denying Plaintiffs' Motion for Reconsideration at 3-4 (citations and footnotes omitted) (emphasis in original).
 
 
 13
 The plaintiffs filed their timely notice of appeal on August 4, 1995.
 
 II.
 
 14
 "The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir.1995) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)), cert. denied, 116 S.Ct. 1848 (1996). "Under Michigan law, three conditions must be satisfied before res judicata will be invoked to preclude further litigation: (1) the prior action must have been decided on its merits; (2) the issues raised in the second case either were resolved in the first, or, through the exercise of reasonable diligence, might have been raised and resolved in the first case; and (3) both actions involved the same parties or their privies." Rowser v. Teamsters, Chauffeurs, Warehousemen & Helpers of America Local 299, 60 F.3d 829 (6th Cir.1995) (unpublished) (citing Smith, Hinchman & Grylls, Assocs., Inc. v. Tassic, 990 F.2d 256, 257-58 (6th Cir.1993)), cert. denied, 116 S.Ct. 938 (1996). See generally Clanton v. Vertalka, 41 F.3d 1506 (6th Cir.1994) (unpublished) ("Where a plaintiff seeks to relitigate in federal court the same claims that had earlier been decided in state court, the claims are to be given the same preclusive effect as they would be given under the law of the state in which judgment was entered."). We review a district court's decision regarding claim or issue preclusion de novo.[1] Black v. Ryder/P.I.E. Nationwide, Inc., 15 F.3d 573, 582 (6th Cir.1994).
 
 
 15
 Michigan courts apply a broad res judicata doctrine, similar to that applied by federal courts. Ryker v. Abbott Laboratories, 38 F.3d 1216 (6th Cir.1994) (unpublished) (citing Brookins v. General Motors Corp., 843 F.2d 879, 880 (6th Cir.1987)). In Michigan, the res judicata doctrine bars "both claims actually litigated in a prior action and those claims arising out of the same transaction which plaintiff could have brought, but did not."[2] Schwartz v. City of Flint, 187 Mich.App. 191, 194 (1991) (citing Gose v. Monroe Auto Equip. Co., 409 Mich. 147, 160 (1980)), cert. denied, 503 U.S. 961 (1992).
 
 
 16
 The Wayne County Circuit Court dismissed the plaintiffs' first action following the defendants' motion for summary disposition. Pursuant to Michigan law, the state court's summary disposition amounted to a decision on the merits. See, e.g., Wilson v. Knight-Ridder Newspapers, Inc., 190 Mich.App. 277 (1991) (the dismissal of plaintiff's defamation action for failure to post a bond constitutes an adjudication on the merits that bars plaintiffs' subsequent action); Sherrell v. Bugaski, 169 Mich.App. 10, 17 (1988) ("A dismissal on motion by the defendants, after judicial consideration, as opposed to a ministerial procedural dismissal, is an adjudication on the merits."). Accordingly, Grey and Thompkins' first action was decided on its merits.
 
 
 17
 Because state courts may hear constitutional claims arising under 42 U.S.C. § 1983, see Felder v. Casey, 487 U.S. 131, 139 (1988) (federal and state courts have concurrent jurisdiction over § 1983 actions), the district court properly determined that res judicata bars the plaintiffs from pursuing their subsequent federal action.[3] Accordingly, we AFFIRM the district court's summary judgment dismissal of this action.[4]
 
 
 
 [1]
 The doctrine of res judicata consists of two related concepts: claim preclusion and issue preclusion. City of Canton v. Maynard, 766 F.2d 236, 238 (6th Cir.1985); Dodrill v. Ludt, 764 F.2d 442, 443 (6th Cir.1985). Under the claim preclusion branch of res judicata, an earlier final judgment on the merits precludes a party from raising new issues in litigation that should have been advanced in the earlier proceeding. Under the issue preclusion branch of res judicata (traditionally termed "collateral estoppel"), a party is precluded from relitigating issues of fact or law which were necessarily decided in a previous final judgment. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 77 n. 1 (1984)
 
 
 [2]
 The preclusive effect of a prior state court judgment is determined by the law of that state. Kremer v. Chemical Constr. Corp., 456 U.S. 461, 482 (1982)
 
 
 [3]
 The district court also held that "[t]he absence of allegations or evidence suggesting any wrongful conduct on the part of defendants Temnyk and Mitchell also warrants the granting of their motion for summary judgment." District Court's April 20, 1995 Opinion and Order Granting Defendants' Motion for Summary Judgment at 2 n. 4. Because the principles of res judicata bar the plaintiffs' federal action, we need not address the district court's alternate ground for dismissal
 
 
 [4]
 The defendants seek sanctions against the plaintiffs and their counsel pursuant to Federal Rule of Appellate Procedure 38 which provides: "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." We deny the defendants' motion for sanctions pursuant to Fed.R.App.P. 38