**Chuck EVANS, Plaintiff,**

v.

**FRANKLIN COUNTY COURT OF COMMON PLEAS, Division of Domestic Relations, Defendant.**

**No. C–2–01–345.**

United States District Court, S.D. Ohio, Eastern Division.

Nov. 23, 2001.

Chuck Evans, Columbus, OH, Pro se.

George E Speaks, Ronald Joseph O'Brien, Franklin County Prosecutor's Of-

fice—2, Columbus, OH, for Franklin County Court of Common Pleas.

## ORDER

GEORGE C. SMITH, District Judge.

Plaintiff Chuck Evans brings this action against defendant Franklin County Court of Common Pleas, Division of Domestic Relations alleging that the Domestic Relations Court denied him due process of law when it determined that his ex-wife was entitled to legal custody of their child, Hannah. This matter is before the Court on plaintiff Evans' October 24, 2001 objections to Magistrate Judge Abel's October 17, 2001 Report and Recommendation that defendant's June 21, 2001 motion to dismiss be granted.

Upon *de novo* review as required by 28 U.S.C. § 636(b)(1)(B), the Court ADOPTS the October 17, 2001 Report and Recommendation.

Evans concedes in his objections that his due process claims are barred by *res judicata* for all actions of the Domestic Relations Court litigated in *Evans v. Judge Steve Yarbrough,* 2000 WL 1871706 (6th Cir. Dec.13, 2000). He argues, however, that the complaint herein alleges due process violations that occurred subsequent to the decision in *Evans v. Judge Steve Yarbrough,* above.

For the reasons set out in the Sixth Circuit's decision in *Evans v. Judge Steve Yarbrough,* above, and the Magistrate Judge's October 17, 2001 Report and Recommendation, the Court determines that this argument is without merit. Evans' remedy, if any, is an appeal from the adverse decision in the Court of Domestic Relations. Under the Rooker–Feldman doctrine, this Court is without jurisdiction to review issues that Evans presented and fully litigated in the state court. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

Accordingly, defendant's June 21, 2001 motion to dismiss (doc. 10) is GRANTED. The Clerk of Court is DIRECTED to enter JUDGMENT for defendant. This action is hereby DISMISSED.

### Report and Recommendation

ABEL, United States Magistrate Judge.

Plaintiff Chuck Evans brings this action against defendant Franklin County Court of Common Pleas, Division of Domestic Relations alleging that the Domestic Relations Court denied him due process of law when it determined that his ex-wife was entitled to legal custody of their child, Hannah. This matter is before the Magistrate Judge for a Report and Recommendation on defendant's June 21, 2001 motion to dismiss (doc 10).[1]

Evans argues that his right to have parental control or custody over his child was denied without due process because, among other things, he was not afforded a predeprivation hearing or an opportunity to submit evidence, and the court's decision was arbitrary and not guided by any evidentiary standard. Evans alleges that there must be some type of fitness hearing whereby the court considers all of the evidence and comes to a reasoned custody decision based on "clear and convincing evidence." Evans requests solely declaratory relief. In addition to requesting that the Court declare that his due process rights were violated, Evans requests that Ohio R. Civ. P. 75(N) and Ohio Rev.Code § 3109.04 be declared unconstitutional.

---

1. The Court has granted defendant's motion for leave to file a motion to dismiss. Accordingly I RECOMMEND that plaintiff's June 5, 2001 motion to strike defendant's motion (doc.6) be DENIED.

When considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir.1983). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Kugler v. Helfant*, 421 U.S. 117, 125–26 n. 5, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975); *Smart*, 580 F.2d at 218 n. 3; *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir.1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations. *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir.1956).

In determining the sufficiency of a complaint in the face of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also McLain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983). The court will grant a defendant's motion for dismissal under Fed.R.Civ.P. 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See generally Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir.1978); *Ott v. Midland–Ross Corp.*, 523 F.2d 1367.

Assuming the factual allegations contained in the complaint to be true, this action must nonetheless be dismissed because it is barred by *res judicata*. When a court of competent jurisdiction has entered final judgment on the merits of a cause of action, the parties to the suit and their privies are bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195 (1877); *see also Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. *Commissioner v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948).

*Res judicata* bars not only the relitigation of issues actually litigated but also issues "which could have been raised with respect to that claim." *Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir.1981); *see also Brown*, 442 U.S. at 131, 99 S.Ct. 2205. "To constitute a bar, there must be an identity of the causes of action that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chemical Co.*, 656 F.2d at 1227. A key policy concern of *res judicata* is the avoidance of piecemeal litigation. *Id.* at 1229.

Evans filed an action in this District Court styled *Charles R. Evans v. Judge Steve Yarbrough, et al.;* No. C2–99–516 (S.D.Ohio), in which he sued the Court of Common Pleas judicial officials who were involved in the custody case that forms the

basis of the instant action. Evans alleged that his constitutional rights to liberty and privacy were violated and that certain state statutes and rules of procedure were unconstitutional. After noting that Evans had presented the same constitutional claims in three separate actions filed in various state courts, the Court, per Judge Marbley, found that jurisdiction had to be declined under the *Younger* abstention doctrine. *See Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) "It would not only be improper under *Younger* and under principles of *res judicata* for this Court to re-litigate the constitutional issues, but it would be a waste of judicial resources to indulge such redundancy." Dec. 2, 1999 Opinion and Order, p. 7.[2]

Evans appealed to the Sixth Circuit, which affirmed the district court's ruling. *Evans v. Judge Steve Yarbrough,* No. 00–3588, 2000 WL 1871706 (6th Cir. Dec.13, 2000), *cert. denied,* 532 U.S. 1020, 121 S.Ct. 1960, 149 L.Ed.2d 755 (2001). With respect to the injunctive and declaratory relief Evans sought, the court found that *Younger* abstention was proper. Concerning Evans claims for monetary damages, the court held that under the *Rooker–Feldman* doctrine the district court lacked jurisdiction to review a case litigated and decided in state court. 2000 WL 1871706, at *2; *see District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

Importantly for purposes of the present lawsuit, the Sixth Circuit addressed the arguments Evans presents here:

> Finally, Evans challenges the constitutionality of Ohio R. Civ. P. 53(E)(4)(c) and Ohio Rev.Code § 3109.04. His challenges are meritless. Rule 53(E)(4)(c) provides that the court may adopt a magistrate's decision and enter judg-ment without waiting for timely objections by the parties. Ohio Rev.Code § 3109.04 provides the standards by which Ohio courts determine parental rights, custody modifications, and the best interests of the child. The rule is not unconstitutional as it addresses a matter of procedure and does not deprive a party of its right to be heard on appeal. *Cf. Salehpour v. Univ. of Tenn.,* 159 F.3d 199, 203 (6th Cir.1998) (decision to grant summary judgment sua sponte and without notice is reviewed for abuse of discretion). The statute is not unconstitutional on its face because it clearly possess a rational nexus to the state government's important interests in seeking to secure the safety of its minor citizens, *see Curto v. Harper Woods,* 954 F.2d 1237, 1243 (6th Cir. 1992); and the court does not consider Evans's "unconstitutional as applied" challenge because federal courts lack subject matter jurisdiction over constitutional challenges to state rules and procedures under the *Rooker–Feldman* doctrine where, as here, the constitutional challenge is inextricably intertwined with state judicial proceedings. *See Feldman,* 460 U.S. at 486–87 [103 S.Ct. 1303]; *Patmon [v. Michigan Supreme Court,* 224 F.3d 504, 509–10 (6th Cir.2000) ].

To the extent that Evans claims that he did not receive procedural due process, his claim is meritless. The record is replete with examples of Evans receiving all the process due him, including notice, hearings, the right to be present, the opportunity to have retained counsel, neutral and detached judicial officers, a report by the court-appointed guardian ad litem regarding the child's best interests, and a decision

---

**2.** The Court denied Evans's motion for recon-sideration. *See* April 17, 2000 Order.

in writing. *See Doe v. Staples,* 706 F.2d 985, 990–91 (6th Cir.1983).

2000 WL 1871706, at *2.

One minor difference between that case and the present one is that Evans now challenges Ohio R. Civ. P. 75(N). Rule 75(N) provides that a court or magistrate may grant temporary spousal support and custody *pendente lite* for good cause shown. Although a court may do so without an oral hearing, the opposing party can file counter affidavits before the court makes its decision. And upon request, the court shall conduct an oral hearing to determine if the temporary order should be modified. As the Sixth Circuit stated with respect to Rule 53(E)(4)(c), Rule 75(N) "is not unconstitutional as it addresses a matter of procedure and does not deprive a party of its right to be heard on appeal." 2000 WL 1871706, at *2.

■ Evans argues that the doctrine of *res judicata* does not apply here. First, he argues that *res judicata* can only apply on a motion for summary judgment, not a motion to dismiss. This is incorrect, for dismissal is appropriate whenever plaintiff fails to state a claim upon which relief can be granted. When the conditions for *res judicata* are satisfied, the claim is barred and no relief can be granted. *See Rogers v. Stratton Indus., Inc.* 798 F.2d 913, 917 (6th Cir.1986) (holding that a prior Fed. R.Civ.P. 12(b)(6) dismissal operates as an adjudication on the merits for issue and claim preclusion purposes).

Second, Evans argues that the merits of his due process claims have not been previously addressed. Evans ignores the Sixth Circuit's decision, relevant portions of which are excerpted above ("The record is replete with examples of Evans receiving all the process due him . . .").

Third, Evans argues that *res judicata* cannot apply because the current defendant, the Franklin County Court of Common Pleas, Division of Domestic Relations, was not named as a defendant in any of his other lawsuits. This argument is disingenuous. Evans has sued every judicial officer in the Domestic Relations Division of the Court of Common Pleas connected with the divorce and custody proceedings. Evans now seeks to circumvent *res judicata* by suing the court itself; this he cannot do. *See Rowser v. Teamsters, Chauffeurs, Warehousemen and Helpers of America Local 299,* No. 94–1505, 1995 WL 351302, at *2 (6th Cir. June 9, 1995) (noting that *res judicata* applies when the "liability of the defendant is entirely dependent upon the culpability of one exonerated in a prior suit") (citing *Bigelow v. Old Dominion Copper Mining & Smelting Co.,* 225 U.S. 111, 127–28, 32 S.Ct. 641, 56 L.Ed. 1009 (1912)).

Finally, Evans points to *Esch v. Esch,* No. 18489, 2001 WL 173198 (Ohio App. 2 Dist. Feb.23, 2001), for the proposition that O.R.C. § 3109.04 is unconstitutional.[3] Evans reads *Esch* too broadly. The court held § 3109.04(D)(2) unconstitutional in that it allows a state court to grant custody of a child to a nonparent without a finding that the parents are unsuitable. 2001 WL 173198, at *4. This case is plainly inapplicable here since custody of Evans's daughter was granted to her mother.

Accordingly, the Magistrate Judge **RECOMMENDS** that defendant's June 21, 2001 motion to dismiss be **GRANTED.**

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and

---

**3.** Evans's Aug. 29, 2001 motion to supplement his memorandum contra defendant's

motion to dismiss with the *Esch* decision (doc. 12) is GRANTED.

Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150–152, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir.1989).