WILSON v KNIGHT-RIDDER NEWSPAPERS, INC

Docket No. 123323. Submitted April 3, 1991, at Detroit. Decided May 9, 1991; approved for publication July 11, 1991, at 9:00 A.M.

Leslie Z. Wilson brought an action in the Wayne Circuit Court against Knight-Ridder Newspapers, Inc., and others, alleging defamation. The court, Michael L. Stacey, J., dismissed the case with prejudice for failure to post a court-ordered bond. Thereafter, the plaintiff recommenced the lawsuit. The court granted summary disposition for the defendant on the basis of res judicata and the statute of limitations. The plaintiff appealed.

The Court of Appeals *held:*

1. Dismissal with prejudice of an action amounts to an adjudication on the merits for res judicata purposes, barring the action. In addition, in this case the claim is barred by the statute of limitations because the plaintiff's imprisonment from April 4, 1983, until September 6, 1988, did not toll the statute of limitations.

2. Because the appeal was taken without any reasonable basis for belief that there was a meritorious issue to be determined on appeal, costs were assessed against the plaintiff's attorney.

Affirmed.

1. JUDGMENTS — FAILURE TO POST BOND FOR COSTS — DISMISSAL WITH PREJUDICE — RES JUDICATA.

Dismissal with prejudice of an action for failure to post a court-ordered bond for security for costs amounts to an adjudication of the merits for purposes of barring a subsequent action arising out of the same facts on the basis of res judicata.

2. LIBEL AND SLANDER — LIMITATION OF ACTIONS — ACCRUAL OF ACTIONS.

The statute of limitations applicable to a claim is not tolled by the imprisonment of the person asserting the claim unless the

REFERENCES

Am Jur 2d, Judgments §§ 482, 503, 504; Limitation of Actions § 192. Imprisonment of party to civil action as tolling statute of limitations. 77 ALR3d 735.

imprisonment existed at the time the claim accrued (MCL 600.5851[3]; MSA 27A.5851[3]).

*Jesse R. Odom,* for the plaintiff.

*Honigman, Miller, Schwartz & Cohn* (by *Herschel P. Fink* and *Kenneth R. Chadwell*), for the defendants.

Before: DANHOF, C.J., and GRIFFIN and FITZGERALD, JJ.

PER CURIAM. Plaintiff appeals as of right an order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(7) on the ground of res judicata in this defamation case. We affirm.

On April 28, 1982, plaintiff commenced this case alleging defamation based on a February 23, 1981, article published in the Detroit Free Press. On October 29, 1982, Wayne Circuit Court Judge Michael Stacey dismissed the case with prejudice when plaintiff failed to post a bond for security for costs pursuant to GCR 1963, 109 in compliance with the court's order. Plaintiff did not appeal from the dismissal.

Plaintiff was subsequently imprisoned by the federal government from April 4, 1983, until September 6, 1988. On September 6, 1989, plaintiff recommenced the same lawsuit in the Wayne Circuit Court. On November 3, 1989, the court granted defendants' motion for summary disposition, holding that (1) the case was barred by the doctrine of res judicata because of the unappealed prior dismissal with prejudice, and (2) the statute of limitations would bar the case even if the prior dismissal did not.

Plaintiff first argues that a dismissal with prejudice for violation of a court order is not an adjudi-

cation on the merits for res judicata purposes. We disagree. The dismissal with prejudice of the defamation suit, which arose out of the same facts as the instant suit, amounted to an adjudication of the merits and bars this action. *Ingham Co Employees' Ass'n v Ingham Circuit Court,* 170 Mich App 118, 122; 428 NW2d 7 (1988); *Carter v Southeastern Michigan Transportation Authority,* 135 Mich App 261, 265; 351 NW2d 920 (1984); MCR 2.504(B)(1), (3). The trial court did not err in granting defendants' motion for summary disposition on the basis of res judicata. MCR 2.116(C)(7).

We further note that even if res judicata did not bar plaintiff's claim, the claim would be barred by the statute of limitations. MCL 600.5805(7); MSA 27A.5805(7) provides that the period of limitation is one year for an action charging libel or slander. Such a claim accrues at the time the wrong was committed regardless of the time when damage results. MCL 600.5827; MSA 27A.5827. The alleged "wrong" in both the original action and the instant action occurred when the February 23, 1981, article was published. Even if we were to accept plaintiff's erroneous argument that the applicable period of limitation is three years, plaintiff's case still would have been time-barred at the time the September 6, 1989, complaint was filed.

We also reject plaintiff's argument that his imprisonment tolled the statute of limitations. For tolling to occur, MCL 600.5851(3); MSA 27A.5851(3) requires that the imprisonment must have existed at the time the claim accrued. However, plaintiff was not imprisoned when his claim accrued on February 23, 1981. To the contrary, plaintiff alleges in his complaint that he was not imprisoned until more than two years later, on April 4, 1983.

We decline to address plaintiff's argument that

dismissal for failure to comply with a court order was unconstitutional, because plaintiff failed to timely appeal such dismissal. MCR 7.204(A).

Lastly, defendants' request for costs and attorney fees is granted. We assess costs on appeal of $2,000 against attorney Jesse R. Odom because we are convinced that the appeal was taken without any reasonable basis for belief that there was a meritorious issue to be determined on appeal. MCR 7.216(C)(1)(a).

Affirmed.