SSC ASSOCIATES LIMITED PARTNERSHIP v GENERAL
RETIREMENT SYSTEM OF THE CITY OF DETROIT

Docket Nos. 165250, 166671. Submitted November 15, 1994, at Detroit. Decided May 5, 1995, at 9:15 A.M.

SSC Associates Limited Partnership brought an action in the Wayne Circuit Court against the General Retirement System of the City of Detroit, seeking a refund for the alleged overpayment of interest on a mortgage note. The court, Kaye Tertzag, J., found that the rate of return provision in the note was ambiguous and therefore considered the testimony of the expert witnesses offered by both parties. The court determined that the defendant had utilized an unreasonable method for calculating the internal rate of return called for by the note. The court also determined that the commitment fee paid to the defendant was nonrefundable and that the plaintiff was entitled to prefiling interest. The defendant appealed from the trial court's judgment for the plaintiff, and the plaintiff cross appealed from the court's decision regarding the commitment fee. (Docket No. 165250). The defendant also appealed from the award of prefiling interest for the plaintiff. (Docket No. 166671). The appeals were consolidated.

The Court of Appeals *held:*

1. The trial court properly accepted extrinsic evidence in the form of the expert witness testimony. Where a contract contains technical or trade terms, as in this case, parol evidence to define and explain the meaning of those terms or phrases is permissible. The term "internal rate of return" is a technical term.

2. The trial court did not err in determining that the defendant utilized an unreasonable method for calculating the internal rate of return, in ruling that the commitment fee was nonrefundable, or in awarding the plaintiff prefiling interest.

Affirmed.

REFERENCES

Am Jur 2d, Contracts §§ 197, 363; Damages §§ 648-674.
See ALR Index under Interest on Money; Parol Acts and Matters.

1. CONTRACTS — JUDICIAL CONSTRUCTION — TECHNICAL OR TRADE
     TERMS — PAROL EVIDENCE.
   Where contractual language is clear, its construction is a ques-
     tion of law; contractual language is construed according to its
     ordinary and plain meaning, avoiding technical and con-
     strained constructions; where a contract contains technical or
     trade terms, parol evidence is permissible to define and explain
     the meaning of those terms or phrases.

2. DAMAGES — INTEREST.
   Interest is a legitimate element of damages that may be used to
     fully compensate the prevailing party for the lost use of its
     funds.

*Jaffe, Raitt, Heuer & Weiss, P.C.* (by *Melanie LaFave*), for the plaintiff.

*Ronald Zajac, P.C.* (by *Ronald Zajac*), and *Michael J. VanOverbeke*, for the defendant.

Before: HOOD, P.J., and JANSEN and A. T. DA-VIS,* JJ.

PER CURIAM. The issues of this case concern a mortgage given by defendant to plaintiff. Defendant appeals as of right the trial court's judgment in plaintiff's favor and its grant of plaintiff's motion for prefiling interest. Plaintiff appeals as of right the trial court's decision regarding a commitment fee that was paid by plaintiff to defendant and Mellon Financial Services. The appeals were consolidated. We affirm. In a prior proceeding, this Court reversed the trial court's grant of summary disposition for plaintiff because the trial court erroneously determined that there was no dispute of fact regarding the interest rate involved in the mortgage. *SSC Associates Limited Partnership v General Retirement System of the City of Detroit,* 192 Mich App 360; 480 NW2d 275 (1991).

In December 1984, plaintiff executed a mortgage

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

note for $5,500,000 payable to defendant. In October 1986, plaintiff prepaid the note in the amount of $6,007,910; the interest was calculated by defendant. Plaintiff demanded a partial refund on the basis that defendant miscalculated the amount of interest due. This action followed after defendant refused to issue a refund.

With regard to interest, the note provided:

> Minimum Interest Return. Notwithstanding anything to the contrary contained in this Note, the total amount of interest to be paid by Maker to Payee shall not be less than an amount sufficient to pay to Payee an internal rate of return of fourteen and one half (14½%) percent per annum, as calculated by Payee, on the Principal Balance.

Plaintiff contended that the interest should be computed to yield an annual rate of 14.5 percent. Defendant instead treated the internal rate of return as an interest rate and compounded it. The resulting interest as calculated by defendant was 15.5 percent. Plaintiff's expert concluded that the calculation used by defendant to determine the interest was incorrect and not according to industry standards. This witness stated that, as used in the industry, the phrase "as calculated by Payee" means that a ministerial act is performed, meaning that certain rules are followed to calculate interest. Defendant's expert testified that there is more than one way to calculate the internal rate of return.

The trial court found that plaintiff's expert was more credible than defendant's and that defendant, although it was empowered to calculate the interest due, failed to follow normal accounting procedures. Defendant argues that the trial court erred in concluding that the internal rate of return provision was ambiguous and in considering

evidence outside the mortgage note to interpret that provision.

Where contractual language is clear, its construction is a question of law, *G & A Inc v Nahra,* 204 Mich App 329, 330; 514 NW2d 255 (1994), and therefore is reviewed de novo. *Cardinal Mooney High School v Michigan High School Athletic Ass'n,* 437 Mich 75, 80; 467 NW2d 21 (1991). If there is a dispute, the parties' intent must be ascertained and the agreement enforced according to that intent. *Id.* Contractual language is construed according to its ordinary and plain meaning, and technical and constrained constructions are to be avoided. *G & A* at 330-331. However, where the contract contains technical or trade terms, parol evidence to define and explain the meaning of those terms or phrases is permissible. *Moraine Products, Inc v Parke, Davis & Co,* 43 Mich App 210, 213; 203 NW2d 917 (1972).

It was proper for the trial court to accept extrinsic evidence in the form of expert witness testimony. "Internal rate of return" is a technical term and explanation of that term through parol evidence is permissible. Moreover, we defer to the trial court's credibility determination regarding the expert witnesses. *Stanton v Dachille,* 186 Mich App 247, 255; 463 NW2d 479 (1990). The trial court's factual findings are reviewed to determine whether they were clearly erroneous. MCR 2.613(C). A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made. *Ypsilanti Twp v General Motors Corp,* 201 Mich App 128, 133; 506 NW2d 556 (1993). The trial court did not err in determining that defendant utilized an unreasonable method for calculating the internal rate of return.

Plaintiff challenges the trial court's decision

treating the commitment fee to defendant as "a non-refundable; [sic] fully earned payment for its due diligence, investigation and legal fees." The parties' commitment letter provided in part:

A commitment fee of 1¼% of the Loan amount, $68,750, will be paid to Mellon for the account of Lender upon Borrower's acceptance of the terms of this letter and, subject to the paragraph hereof entitled "Loan Amount," shall be deemed a fully earned non-refundable commitment fee.

While there was evidence that under generally accepted accounting principles commitment fees are part of the yield to the lender, there was nothing in the parties' agreement that provided that it would conform to general practices. Defendant's expert testified that the commitment fee was earned in full when the commitment was issued. Again, the trial court made a credibility determination when it chose to accept this testimony, and that determination will not be disturbed by this Court. Moreover, the provision clearly states that the commitment fee was nonrefundable. The trial court did not err in ruling that plaintiff did not have a right to any proceeds of the commitment fee.

Finally, defendant argues that the trial court erred in granting plaintiff's motion for prefiling interest. The common-law doctrine of awarding interest as an element of damages has been long recognized. *Gordon Sel-Way, Inc v Spence Bros, Inc,* 438 Mich 488, 499; 475 NW2d 704 (1991). "The doctrine recognizes that money has a 'use value' and interest is a legitimate element of damages used to compensate the prevailing party for the lost use of its funds." *Id.* Where necessary to fully compensate the prevailing party, interest as an element of damages is appropriate. *Id.* Here, for

nearly a year before plaintiff filed its complaint, defendant held money that was rightfully plaintiff's. Plaintiff lost the use of its money during that time. Awarding interest to plaintiff as an element of damages comports with the common-law doctrine. The trial court did not err in awarding interest to plaintiff.

Affirmed.