89 F.3d 833
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Waheed HAIDER, Plaintiff-Appellant,
v.
MICHIGAN TECHNOLOGICAL UNIVERSITY; Sung M. Lee,
Individually and as Vice Provost for Research and Dean of
Graduate School; Barry A. Kunz, Individually and as Dean of
The College of Engineering; Jon A. Soper, Individually and
as Acting Head of the Department of Electrical Engineering;
Ashok K. Ambardar, Individually and as Associate Professor
of Electrical Engineering of MTU; Paul H. Lewis,
Individually and as Associate Professor of Electrical
Engineering of MTU; Esther T. Ososanya, Individually and as
Visiting Assistant Professor of Electrical Engineering of
MTU; Ralph S. Horvath, Individually and as the Associate
Professor of Electrical Engineering of MTU; Warren F.
Perger, Individually and as the Assistant Professor of
Electrical Engineering and of Physics of MTU; Martha E.
Sloan, Individually and as Professor of Electrical
Engineering of MTU, Defendants-Appellees.
 No. 95-2026.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1996.
 
 Before: MERRITT, Chief Judge; KEITH and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Waheed Haider, a pro se Michigan litigant, appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. §§ 1981, 1983 and 1985(3). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Haider is a former graduate student in electrical engineering at the defendant Michigan Technological University (MTU). After nearly two years in the program, he was dismissed on August 5, 1991, for unsatisfactory progress. In his complaint, he alleged that the dismissal is in violation of several of his civil rights. In count I, Haider alleged under § 1983 that he was dismissed in retaliation for exercising his freedom of speech to criticize MTU faculty and colleagues. In Count II, Haider alleged under § 1983 that he was denied procedural due process. In Count III, he alleged under §§ 1981 and 1983 that the defendants denied him equal protection. Count IV contained a claim under § 1985(3) alleging that the defendants conspired to deprive him of his civil rights. Haider sought injunctive and monetary relief.
 
 
 3
 In a memorandum opinion dated June 29, 1994, the district court dismissed Haider's complaint in all respects except the procedural due process claim. In a memorandum opinion dated August 11, 1995, the district court granted summary judgment in favor of the defendants on Haider's procedural due process claim. This timely appeal followed.
 
 
 4
 Initially, we note that Haider does not raise his equal protection claim on appeal; therefore, this claim is considered abandoned and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 5
 Upon review, we conclude that summary judgment was proper as there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. See City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994).
 
 
 6
 Haider's claims against MTU are barred by the Eleventh Amendment. See Welch v. Texas Dep't of Highways and Pub. Transp., 483 U.S. 468, 472-73 (1987); Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div., 987 F.2d 376, 381 (6th Cir.1993). MTU is an arm of the State of Michigan, and that state has not expressly waived its sovereign immunity. Furthermore, Congress did not disturb the state's Eleventh Amendment immunity when it passed § 1983. See Wolfel v. Morris, 972 F.2d 712, 718-19 (6th Cir.1992). Haider's claims for monetary relief brought against the state defendants in their official capacities are also barred by the Eleventh Amendment. See Hafer v. Melo, 502 U.S. 21, 25-28 (1991).
 
 
 7
 Summary judgment was proper insofar as Haider asserted a claim under § 1981 because Haider did not allege that he was intentionally discriminated against because of his race or ancestry. See Saint Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987).
 
 
 8
 Summary judgment was also proper insofar as Haider claimed that the defendants conspired to deprive him of his civil rights under § 1985(3). Haider did not allege, let alone prove,
 
 
 9
 that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiuously discriminatory animus[.]" United Brotherhood of Carpenters and Joiners of America v. Scott, 463 U.S. 825, 829, 103 S.Ct. 3352, 3356, 77 L.Ed.2d 1049 (1983). A class protected by section 1985(3) must possess the characteristics of a discrete and insular minority, such as race, national origin, or gender. Hicks v. Resolution Trust Corporation, 970 F.2d 378, 382 (7th Cir.1992).
 
 
 10
 Haverstick Enters., Inc. v. Financial Fed. Credit, Inc., 32 F.3d 989, 994 (6th Cir.1994).
 
 
 11
 Summary judgment was proper to the extent that Haider claimed that he was dismissed in retaliation for expressing opinions critical of faculty and colleagues. Haider failed to establish that he engaged in speech that is constitutionally protected because it addressed a matter of public concern. See Rankin v. McPherson, 483 U.S. 378, 384 (1987); Barnes v. McDowell, 848 F.2d 725, 732 (6th Cir.1988), cert. denied, 488 U.S. 1007 (1989).
 
 
 12
 Summary judgment was proper to the extent that Haider claimed that his dismissal deprived him of property without procedural due process. Haider's claim that he has a protected property interest in continued enrollment at MTU is barred by collateral estoppel. Under the doctrine of collateral estoppel, a party is precluded from relitigating issues of fact or law which were necessarily decided in a previous final judgment. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n. 1 (1984); Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660-61 (6th Cir.1990), cert. denied, 506 U.S. 1008 (1992).
 
 
 13
 Haider asserted an identical implied contract claim against the defendants in the Michigan Court of Claims. The Court of Claims dismissed Haider's complaint, with prejudice, for failure to state a claim upon which relief could be granted. The Court of Claims order of dismissal represents an adjudication that Haider had no enforceable implied contract for continued enrollment at MTU. See Wilson v. Knight-Ridder Newspapers, Inc., 475 N.W.2d 388, 389 (Mich.App.1991). Therefore, Haider is precluded from now relitigating the existence of the implied contract for the purpose of establishing a constitutionally protected property interest.
 
 
 14
 Without a constitutionally protected property interest, there can be no right to due process. See Perry v. Sindermann, 408 U.S. 593, 601-02 (1972); Board of Regents v. Roth, 408 U.S. 564, 577 (1972); Ezekwo v. New York City Health & Hosps. Corp., 940 F.2d 775, 782 (2d Cir.), cert. denied, 502 U.S. 1013 (1991). The lack of evidence to support an essential element of Haider's claim renders all other facts immaterial. Absent a genuine issue of material fact, summary judgment was properly entered in favor of the defendants.
 
 
 15
 Even if collateral estoppel did not apply and a constitutionally protected property interest existed in continued enrollment at MTU, Haider has been accorded at least as much due process as the Fourteenth Amendment requires. See Board of Curators of Univ. of Mo. v. Horowitz, 435 U.S. 78, 90 (1978).
 
 
 16
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.