DILLON v DeNOOYER CHEVROLET GEO

Docket No. 172876. Submitted May 8, 1996, at Grand Rapids. Decided June 11, 1996, at 9:10 A.M.

Jaci Dillon brought an action in the Kalamazoo Circuit Court against DeNooyer Chevrolet Geo and others, alleging that her disqualification from a contest sponsored by the defendants was in violation of the contest rules. The contest involved a competition among four people for the award of a Geo automobile to the person who could occupy it the longest, with ten-minute breaks every four hours. The contest rules prohibited smoking in the vehicle. The plaintiff was disqualified following a break after she reentered the vehicle with a lighted cigarette in her hand. She did not puff the cigarette before extinguishing it inside the vehicle. The court, William G. Schma, J., granted summary disposition for the defendants and awarded them costs and attorney fees as sanctions for the plaintiff's frivolous claim. The plaintiff appealed, and the defendants cross appealed the award of sanctions.

The Court of Appeals *held*:

1. The trial court correctly determined that there existed no genuine issues of material fact and that the defendants were entitled to judgment as a matter of law in view of the clear language in the contest rules providing that "[n]o smoking will be allowed in the vehicle." The trial court did not err in relying on the Michigan Clean Indoor Air Act, MCL 333.12601(1)(n); MSA 14.15(12601) (1)(n), and dictionary definitions in concluding that carrying a lighted cigarette constitutes smoking.

2. The trial court properly granted summary disposition for the defendant without addressing the plaintiff's allegations that the contest rules were capriciously and arbitrarily enforced. Factual support for these allegations was lacking.

3. The trial court did not clearly err in determining that the plaintiff's claim was frivolous.

4. The plaintiff's appeal is vexatious because it was taken without any reasonable basis for belief that there was a meritorious issue to be determined on appeal. The case must be remanded for an award to the defendants of actual damages and expenses, including reasonable attorney fees, incurred because of the appeal.

5. The trial court did not abuse its discretion with respect to the award to the defendants of sanctions for the plaintiff's frivolous claim.

Affirmed.

1. CONTRACTS — JUDICIAL CONSTRUCTION.

Contractual language is construed according to its plain and ordinary meaning, and technical or constrained constructions are to be avoided; where contractual language is clear, its construction is a question of law for the court to decide.

2. ACTIONS — FRIVOLOUS OR VEXATIOUS ACTIONS — APPEAL.

A trial court's finding that a claim is frivolous or vexatious is reviewed for clear error; the determination whether a claim is vexatious or frivolous largely depends on the particular facts and circumstances of the claim involved.

*Robert F. Travis*, for the plaintiff.

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *B. Jay Yelton, III*), for the defendants.

Before: SAWYER, P.J., and GRIFFIN, and M. G. HARRISON,* JJ.

GRIFFIN, J. Plaintiff appeals by leave granted an order of the circuit court granting summary disposition in favor of defendants and awarding sanctions. Defendants cross appeal the amount of attorney fees and costs awarded. We affirm. Further, we find plaintiff's appeal to be vexatious and, accordingly, remand to the trial court for an award to defendants of actual damages and expenses, including reasonable attorney fees, incurred as a result of plaintiff's appeal.

I

In 1992, during the height of the media attention for the Biosphere "experiment," defendant car dealer and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant radio station organized a contest and publicity stunt termed the "Geo-sphere." The contest called for two men and two women to live in a Chevrolet Geo automobile as long as humanly possible. The person who, consistent with the contest rules, was able to reside in the Geo automobile the longest would win the vehicle in an "as is" condition. The contest provided for ten-minute breaks every four hours. Among other rules of conduct, the contest rules provided "[n]o smoking will be allowed in the vehicle." Further, "[a]ny violation of the rules could result in immediate disqualification" and "[c]ontest officials have the ultimate say as to all rule violations and their decision is final."[1]

On June 6, 1992, the Geo-sphere contest began with plaintiff and three other contestants entering the vehicle. Within eighteen hours, one contestant dropped out of the contest; a second quit after a week and a half. Plaintiff and contestant Jeff Whaley continued to occupy the Geo automobile. It is undisputed that on June 19, 1992, plaintiff got out of the vehicle during a scheduled break and began smoking a cigarette. At the conclusion of the break, plaintiff reentered the automobile with her lit cigarette in hand. Plaintiff proceeded to close the door of the Geo automobile, thereby subjecting the atmosphere inside the "Geosphere" to her cigarette smoke. Plaintiff extinguished her cigarette while inside the vehicle.

---

[1] As we noted in *Bellows v Delaware McDonald's Corp*, 206 Mich App 555, 561, n 1; 522 NW2d 707 (1994), a split of authority exists regarding whether a contest rule that makes the decision of the promoter or sponsor final precludes judicial review. In view of plaintiff's meritless challenge, we assume but do not decide that defendants' decision is subject to judicial review.

Defendants thereafter disqualified plaintiff from the contest for violating the rule forbidding smoking in the vehicle. Defendants awarded the Geo automobile to the remaining contestant, Jeff Whaley.

Plaintiff filed suit against defendants in the Kalamazoo Circuit Court, claiming that defendants breached the contest contract by disqualifying her. Plaintiff argued that she was not smoking inside the vehicle because she did not inhale and exhale smoke from her lit cigarette. We find plaintiff's claims in the lower court and on appeal to be frivolous and vexatious.

II

On appeal, plaintiff contends that the term "smoking" is ambiguous and should have been determined by a jury. Further, plaintiff asserts that the trial court erred in relying on the definition of "smoking" contained in the Michigan Clean Indoor Air Act, MCL 333.12601(1)(n); MSA 14.15(12601)(1)(n), which defines smoking as the carrying by a person of a lighted cigar, cigarette, pipe, or other lighted smoking device. We disagree with plaintiff's arguments. Where contractual language is clear, its construction is a question of law for the court to decide. *SSC Associates Ltd Partnership v General Retirement System of Detroit*, 210 Mich App 449, 452; 534 NW2d 160 (1995). Contractual language is construed according to its plain and ordinary meaning, and technical or constrained constructions are to be avoided. *Pakideh v Franklin Commercial Mortgage Group, Inc*, 213 Mich App 636, 640; 540 NW2d 777 (1995).

In the present case, the contest rule provided "[n]o smoking will be allowed in the vehicle." This language

is clear, and the trial court properly determined that the rule's construction was a question of law. *SSC Associates, supra* at 452. Contrary to plaintiff's contention, the trial court did not rule that the Michigan Clean Indoor Air Act governed the parties' contract terms. Rather, the trial court referred to the statutory definition and a dictionary definition to support its finding that plaintiff's conduct constituted smoking. In granting defendants' motion for summary disposition, the Honorable William G. Schma stated:

> I think there's no question, not even remotely possible, that a person who's carrying a lighted cigarette in their hand is smoking, under any common sense understanding of that word, under any legal definition of that word, under any conceivable explanation of what it means.
>
> Public Act 198 of 1987, which is 14.15(12601), which is in the public health section of our statutes, says that smoking means, quote, "the carrying by a person of a lighted cigar, cigarette, pipe, or other lighted smoking device." In Section 14.15(12601)(n) the statute is amended to say, "Smoking [or smoke] means the carrying by a person of a lighted cigar, cigarette, pipe, or other lighted smoking device."
>
> According to Webster's Third New International Dictionary, "smoke" means a number of things, but one of the primary definitions is to emit smoke. And the phrase or the suffix "ing," according to that same dictionary, means something is connected with an action or a process.
>
> So under any conceivable view of the facts, the defendant was—the plaintiff, excuse me, was smoking in the vehicle. She was disqualified from obtaining the benefits of any contract of which she may have been a party.

We agree and are satisfied that the circuit court correctly determined that, as a matter of law, plaintiff's conduct fits the plain and ordinary meaning of "smoking." There was no genuine issue of material fact regarding whether plaintiff was smoking and, there-

fore, the trial court properly granted summary disposition in favor of defendants. MCR 2.116(C)(10).

### III

Next, plaintiff contends that the trial court erred in dismissing her case without addressing her allegations that the contest officials capriciously and arbitrarily enforced the rules by not disqualifying contestant Whaley for rule violations allegedly committed before the "smoking" incident. Again, we disagree. The trial court did not address these allegations because plaintiff did not provide the requisite factual support for these alleged rule violations in her response to defendants' motion for summary disposition.

A motion for summary disposition premised on MCR 2.116(C)(10) tests the factual support for a claim. The party opposing a motion brought under C(10) may not rest on the mere allegations or denials in her pleadings but must by affidavits, depositions, admissions, or other documentary evidence set forth specific facts showing that there is a genuine issue of material fact for trial. MCR 2.116(G)(4); *Quinto v Cross & Peters Co*, 451 Mich 358; 547 NW2d 314 (1996); *Skinner v Square D Co*, 445 Mich 153, 160; 516 NW2d 475 (1994). In the present case, plaintiff failed to meet her burden of producing documentary evidence of the other contestant's violations but instead relied on her general and conclusory allegations of capricious and arbitrary rule enforcement. Accordingly, the lower court properly granted summary disposition without addressing plaintiff's unsupported allegations.

IV

Finally, plaintiff contends that the trial court erred in finding that her suit was frivolous. A trial court's finding that a claim is frivolous or vexatious is reviewed for clear error. *Davenport v Grosse Pointe Farms Bd of Zoning Appeals*, 210 Mich App 400, 408; 534 NW2d 143 (1995). That factual determination largely depends on the particular facts and circumstances of the claim involved. *In re Stafford*, 200 Mich App 41, 42-43; 503 NW2d 678 (1993). In awarding sanctions, Judge Schma held as follows:

> I think in this case sanctions are appropriate. By every conceivable view of what happened in this case, this party was smoking a cigarette when they walked—or sat in that vehicle with a lighted device. There can be no other possible interpretation of that. There's no law that argues that there's any extension of that. There's no reasonable definition of any kind that could possibly argue that there should be an extension of that. Honest belief as to the merit of a case has nothing to do with it under these circumstances.
>
> And what happens, frankly, is that when cases so clearly devoid of merit are filed and permitted without sanction, they're encouraged, and already crowded dockets become more crowded and already frustrated parties with genuine claims have more trouble getting to the courthouse for resolution when they need it. And that just isn't fair, and it's not reasonable.

We hold that the trial court did not clearly err in finding plaintiff's complaint to be frivolous. For the reasons stated by the trial judge, we agree that plaintiff's claims were utterly without merit. Further, we conclude that the present appeal is vexatious because it was taken without any reasonable basis for belief that there was a meritorious issue to be determined on appeal. MCR 7.216(C)(1)(a). See also *Cvengros v*

*Farm Bureau Ins,* 216 Mich App 261; 548 NW2d 698 (1996); *Wilson v Knight-Ridder Newspapers, Inc,* 190 Mich App 277, 280; 475 NW2d 388 (1991). Pursuant to MCR 7.216(C)(2), we remand to the circuit court for a determination of defendants' actual damages and expenses, including reasonable attorney fees incurred in defending against plaintiff's appeal. Regarding defendants' cross appeal, we affirm because we are not convinced that the lower court abused its discretion in its award of sanctions.

Affirmed. Remanded to the trial court for an award of actual damages and expenses incurred on appeal. We do not retain jurisdiction.