*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRIAN P. LICK,

        Plaintiff-Appellee,

v

CHARTER TOWNSHIP OF MERIDIAN and
CHARTER TOWNSHIP OF MERIDIAN
TOWNSHIP BOARD,

        Defendants,

and

JIM GIGUERE BUILDERS, INC.,

        Defendant-Appellant.

UNPUBLISHED
February 17, 2022

No. 355335
Ingham Circuit Court
LC No. 19-000876-AA

Before: CAVANAGH, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

Defendant-appellant, Jim Giguere Builders, Inc., appeals as of right the circuit court's order granting in part and denying in part its motion for taxed bill of costs and sanctions. We affirm.

## I. BACKGROUND

This case involves a dispute over a new subdivision on a 7.36-acre parcel situated in defendant Charter Township of Meridian. In 2017, defendant-appellant entered into a purchase agreement for the parcel, which was located next to an existing neighborhood where plaintiff, Brian P. Lick, lived. Defendant-appellant submitted several applications to have the property rezoned for development at a greater density than what was allowed by the original zoning designation. Defendant-appellant's first two applications were denied. However, the third application, which incorporated a variety of conditions related to the preservation of trees and other natural elements found on the property, was approved.

After the property was rezoned, defendant-appellant submitted a tentative preliminary plat to the Planning Commission and requested tentative approval for its development, subject to the

-1-

conditions established during the rezoning process. Plaintiff lodged several objections, and, in response, defendant-appellant agreed to two additional conditions related to the creation of a tree buffer zone. On October 15, 2019, after holding a public meeting, defendant Township Board approved defendant-appellant's tentative preliminary plat, subject to the conditions established during the rezoning process plus the two new ones.

On November 15, 2019, plaintiff filed an appeal of the decision to approve the tentative preliminary plat with the Zoning Board of Appeals, and his appeal was rejected. Plaintiff then appealed to the circuit court on November 26, 2019, arguing that the Township Board erred in determining that the tentative preliminary plat satisfied the conditions of rezoning.

In response, defendant-appellant moved to dismiss the claim, arguing that the resolution could be appealed only by leave granted, not as of right; that the Township Board's approval of the tentative preliminary plat was not a zoning decision, and was therefore not appealable under MCR 7.122 (appeals from zoning ordinance determinations), but instead fell within the purview of MCR 7.123 (appeals from agencies not governed by another court rule); that the filing was untimely; and that plaintiff failed to request or provide the court with a record as required by the court rules. Defendant-appellant argued further that, even if plaintiff had properly filed an appeal, the appeal would fail, because defendant-appellant complied with the conditions of the third rezoning application. The court agreed and granted defendant-appellant's motion to dismiss, concluding that plaintiff's appeal was not timely, and the determination at issue involved land division rather than zoning.

On February 24, 2020, defendant-appellant moved the court to award $15,201.40 in costs and attorney fees on the basis that plaintiff's appeal was vexatious and frivolous. The circuit court concluded that defendant-appellant was entitled to costs for motion fees in the amount of $40, but denied the request for attorney fees, concluding that plaintiff's filing was neither vexatious nor frivolous. Defendant-appellant now appeals.

## II. DAMAGES UNDER MCR 7.216(C)(1)

Defendant-appellant first argues that the circuit court erred in denying its motion for sanctions because plaintiff's appeal was in fact vexatious. We disagree.

This Court reviews a circuit court's decision to award sanctions for an abuse of discretion. *Peterson v Oakwood Healthcare, Inc*, ___ Mich App ___, ___; ___NW2d ___ (2021) (Docket No. 353314); slip op at 4. An abuse of discretion occurs "when the decision to sanction a party is outside the range of principled outcomes." *Id*. However, a court's factual findings are reviewed for clear error. *Id*. "A finding is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake was made." *Id*. "That factual determination largely depends on the particular facts and circumstances of the claim involved." *Dillon v DeNooyer Chevrolet Geo*, 217 Mich App 163, 169; 550 NW2d 846 (1996).

Under MCR 7.112, "[i]n addition to its general appellate powers, the circuit court may grant relief as provided in MCR 7.216." MCR 7.216(C)(1) allows the circuit court, on its own initiative or on the motion of a party, to award "actual and punitive damages . . . when it determines

that an appeal or any of the proceedings in an appeal was vexatious[.]" An appeal, or any proceeding connected with an appeal, is vexatious when

> (a) the appeal was taken for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal; or

> (b) a pleading, motion, argument, brief, document, record filed in the case or any testimony presented in the case was grossly lacking in the requirements of propriety, violated court rules, or grossly disregarded the requirements of a fair presentation of the issues to the court. [MCR 7.216(C)(1).]

Instructive is this Court's statement that it "will grant such damages only in cases of clear abuse of the appellate processes." *Detroit Auto Inter-Ins Exch v Ayvazian*, 62 Mich App 94, 103; 233 NW2d 200 (1975) (quotation marks and citation omitted).[1]

First, the circuit court did not clearly err in concluding that plaintiff's appeal was not taken for purposes of hindrance or delay. MCR 7.216(C)(1)(a). Plaintiff's actions, including the consistency of his opposition to the development, and his multiple attempts to obtain a signed copy of the order for the purpose of appeal, support the conclusion that the appeal was not taken for purposes of hindrance or delay, but instead was a sincere attempt to challenge the approval of the tentative preliminary plat.

The court similarly did not clearly err in concluding that plaintiff had a reasonable belief that his position was meritorious. MCR 7.216(C)(1)(a). MCR 7.122 governs appeals to the circuit court from a determination under a zoning ordinance. Subrule (A) provides in part as follows:

> (1) This rule governs appeals to the circuit court *from a determination under a zoning ordinance by any* officer, agency, *board*, commission, or zoning board of appeals, and by any legislative body of a city, village, township, or county authorized to enact zoning ordinances. Unless this rule provides otherwise, MCR 7.101 through MCR 7.115 apply. This rule does not apply to legislative decisions of a city, village, township, or county, such as the adoption of or amendment to a zoning ordinance.

> * * *

> (3) An appeal under this section is an appeal of right. [MCR 7.122(A)(1), (3) (emphasis added).]

Plaintiff claimed his appeal pursuant to MCR 7.122, but clarified that he was not appealing "the wording of the re-zoning conditions," but rather the determination that the tentative

---

[1] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority[.]" *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012).

preliminary plat satisfied the zoning conditions. According to plaintiff, this question was properly brought under MCR 7.122 because the conditions were approved pursuant to the Michigan Zoning Enabling Act, MCL 125.3101 *et seq*., and local zoning ordinances.

There was at least some arguable basis for plaintiff's belief that the matter involved a determination under a zoning ordinance, even if he was ultimately mistaken. The Township Board's decision to approve defendant-appellant's tentative preliminary plat logically required consideration of the plat's adherence to applicable zoning requirements, including the conditions agreed upon during rezoning. It was not unreasonable for plaintiff to have believed that this determination, made by a board, involved zoning ordinances in such a way that MCR 7.122 would apply. The circuit court thus did not clearly err in concluding that there was some reasonable basis for plaintiff's belief that there was a meritorious issue to be determined on appeal.

The court also did not clearly err in declining to find that plaintiff's appeal was grossly lacking in the requirements of propriety, or grossly disregarded the requirements of a fair presentation of the issues to the court. MCR 7.216(C)(1)(b). While it appears that plaintiff's arguments were based on a mistaken understanding of the law, there is nothing to suggest that he made any factual assertions that were directly contradicted by the record, attempted to deliberately mislead the court, or otherwise acted in a manner suggesting a gross lack of propriety or disregard for the requirements of a fair presentation.

However, the record does reflect that plaintiff's filing violated at least one court rule. MCR 7.216(C)(1)(b). Setting the issue of timeliness aside,[2] the record supports the circuit court's

---

[2] Defendant-appellant argued, and the circuit court agreed, that plaintiff's claim of appeal was untimely. The time for filing an appeal of right under MCR 7.123 is 21 days after the entry of the judgment, order, or decision appealed. MCR 7.123(B)(1); MCR 7.104(A)(1). Similarly, the time for filing an application for leave to appeal is 21 days after the entry of the decision appealed. MCR 7.123(C)(1); MCR 7.105(A)(1). "Entry" is defined as "the date a judgment or order is signed, or the date that data entry of the judgment or order is accomplished in the issuing tribunal's register of actions." MCR 7.204(A). See also MCR 7.102(7).

By contrast, the court rule plaintiff believed applied, MCR 7.122(B), provides as follows:

An appeal under this rule must be filed within the time prescribed by the statute applicable to the appeal. If no time is specified in the applicable statute, the appeal must be filed within 30 days after the certification of the minutes of the board or commission from which the appeal is taken or within 30 days after the board or commission issued its decision in writing, whichever deadline comes first.

The resolution at issue contains a certification by the Township Clerk that "the foregoing is a true and a complete copy of a resolution adopted at a regular meeting of the Township Board on the 15th day of October, 2019." However, the certification itself is not dated. Additionally, the record reflects that the Township's Principal Planner sent a copy of the signed resolution to plaintiff on November 13, 2019. However, this correspondence similarly does not indicate the

-4-

conclusion that plaintiff failed to properly request transmittal of the record below to that court. MCR 7.105(B) requires that an appellant file, among other things, "a copy of the written request or order for a certified copy of the record to be sent to the circuit court," and either "the portion of the transcript substantiating the existence of the issue, objections or lack thereof, arguments of counsel, and any comment or ruling of the trial judge," MCR 7.105(B)(4), or else "a copy of the certificate of the court reporter or recorder or a statement that a transcript has been ordered," or, if there is nothing to be transcribed, "a statement so indicating," MCR 7.105(B)(5)(g). MCR 7.104(D)(2) and (3) contain similar requirements. Although plaintiff attached several documents to his claim of appeal, it does not appear that he filed a copy of any written request or order for a certified copy of the record to be sent to the court, nor any statements related to transcripts. Accordingly, the circuit court did not clearly err in finding that plaintiff violated the court rules pertaining to those documents.

However, despite plaintiff's violation of the court rules, the circuit court was not *required* to assess damages. Rather, MCR 7.216(C)(1) provides that the court "may" assess damages when it determines that an appeal was vexatious. "[T]he word 'may' typically reflects a permissive condition, entrusting a particular choice to a party's discretion." *In re Complaint of MCTA*, 241 Mich App 344, 361; 615 NW2d 255 (2000). Despite plaintiff's erroneous belief that this issue involved a determination under a zoning ordinance, such that MCR 7.122 applied, the circuit court had discretion to determine whether an award of damages was appropriate. Considering the circumstances here, including the court's determination that plaintiff's errors were honest mistakes that did not rise to the level of vexatiousness necessary to warrant the imposition of sanctions, the court's decision not to impose sanctions fell within the range of reasonable and principled outcomes. We find no error in the standard applied by the court to reach this conclusion. Accordingly, the circuit court did not abuse its discretion in denying defendant-appellant's request for damages under MCR 7.216(C)(1).

## III. SANCTIONS UNDER MCR 1.109(E)

Defendant-appellant also argues that plaintiff's filing was frivolous. According to defendant-appellant, plaintiff knew that his filing was egregiously defective and had no basis in law, and his intent must have been to harass, cause unnecessary delay, and drive up costs. We disagree.

Pursuant to MCR 1.109(E)(5) and (6), sanctions are appropriate "where a plaintiff asserts claims without any reasonable basis in law or fact for those claims, or where the claims are asserted for an improper purpose." *Cove Creek Condo Ass'n v Vistal Land & Home Dev, LLC*, 330 Mich App 679, 707; 950 NW2d 502 (2019). MCR 1.109(E)(5) provides as follows:

> The signature of a person filing a document, whether or not represented by an attorney, constitutes a certification by the signer that:

---

date on which the resolution was signed. Because it is unclear when the resolution was entered, the record is insufficient to determine the timeliness of plaintiff's filing.

(a) he or she has read the document;

(b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

(c) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If a document is signed in violation of MCR 1.109, the court "shall impose upon the person who signed it . . . an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees." MCR 1.109(E)(6).

MCR 1.109(E)(7) allows for further sanctions, and provides, in relevant part, "In addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2)." Pursuant to MCR 2.625(A)(2), "if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591." MCL 600.2591 provides as follows:

(1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

(2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

(3) As used in this section:

(a) "Frivolous" means that at least 1 of the following conditions is met:

(*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

(*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(*iii*) The party's legal position was devoid of arguable legal merit.

(b) "Prevailing party" means a party who wins on the entire record.

Accordingly, "sanctions are appropriate when, among other things, the party had no reasonable basis to believe that the facts underlying the party's legal position were true or the

party's legal position was devoid of arguable legal merit." *Peterson*, ___ Mich App at ___; slip op at 6. "[A] claim is devoid of arguable legal merit if it is not sufficiently grounded in law or fact, such as when it violates basic, longstanding, and unmistakably evident precedent." *Adamo Demolition Co v Dep't of Treasury*, 303 Mich App 356, 369; 844 NW2d 143 (2013) (quotation marks and citation omitted).

First, plaintiff's claim of appeal in the circuit court was not subject to sanctions under MCR 1.109(E)(7), which provides that "a party *pleading* a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2)." [Emphasis added]. Compare MCR 1.109(E)(5), which does not contain the same limitation, and instead provides more broadly that "[t]he signature of a person filing a *document*, whether or not represented by an attorney, constitutes a certification . . . ." [Emphasis added]. MCR 2.110(A) provides that the term "pleading" includes only "(1) a complaint, (2) a cross-claim, (3) a counterclaim, (4) a third-party complaint, (5) an answer to a complaint, cross-claim, counterclaim, or third-party complaint, and (6) a reply to an answer." Here, plaintiff filed a claim of appeal under MCR 7.122, which falls under the appellate court rules, rather than a complaint or other "pleading." Because plaintiff did not *plead* a frivolous claim, his filing did not fall within the plain terms of MCR 1.109(E)(7).

Moreover, regarding MCR 1.109(E)(5), there is nothing on the record to suggest that plaintiff filed his claim of appeal for an improper purpose, such as to harass or embarrass defendant-appellant, cause unnecessary delay, or increase the cost of litigation. Additionally, plaintiff's claim appears to have been well-grounded in fact, and there is no reasonable basis to believe that the factual assertions underlying his position were not true. Rather, the deficiencies in his filing relate to the application of the court rules.

Despite the legal deficiencies of plaintiff's claim, the circuit court did not clearly err in declining to find it frivolous. "A claim is not frivolous merely because the party advancing the claim does not prevail on it." *Grass Lake Improvement Bd v Dep't of Environmental Quality*, 316 Mich App 356, 365; 891 NW2d 884 (2016) (quotation marks and citation omitted). "Instead, a claim is devoid of *arguable* legal merit if it is not sufficiently grounded in law or fact, such as when it violates basic, longstanding, and unmistakably evident precedent." *Id*. (quotation marks and citation omitted).

Plaintiff's claim had some arguable legal merit. While the court ultimately found that his claim was untimely, plaintiff's argument for timeliness was reasonable, considering that the certification on the resolution was not dated, and therefore it was unclear when the resolution was codified in writing. Further, plaintiff's claim for the applicability of MCR 7.122 was plausible, considering that the approval of the tentative preliminary plat was based, in part, on compliance with zoning restrictions, and thus arguably involved zoning determinations. Because plaintiff's claim had some arguable legal merit, the circuit court did not clearly err in declining to find it frivolous. Accordingly, the court did not abuse its discretion in declining to impose sanctions under MCR 1.109.

Finally, to the extent that defendant-appellant argues that the court erred in opining that defendant-appellant failed to provide adequate support for its request for attorney fees, this claim was not included in defendant-appellant's statement of questions presented, and thus this Court need not review it. MCR 7.212(C)(5); *English v Blue Cross Blue Shield of Mich*, 263 Mich App

449, 459; 688 NW2d 523 (2004). Moreover, defendant-appellant failed to cite authority or otherwise provide adequate analysis to support this claim, so it is deemed abandoned. *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Michael J. Riordan