*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* GLADYS V. RAGSDALE TRUST.

---

JOHN M. CHASE III, Trustee of the GLADYS V.
RAGSDALE TRUST, and VALERIA J. TOSTIGE,

        Appellees,

v

MARK RAGSDALE,

        Appellant.

UNPUBLISHED
February 21, 2025
3:32 PM

No. 358720
Wayne Probate Court
LC No. 2011-766680-TV

---

Before: GARRETT, P.J., and K. F. KELLY and N. P. HOOD, JJ.

PER CURIAM.

This case comes to us on remand from our Supreme Court. Appellant, Mark Ragsdale (Mark),[1] applied for leave to appeal our opinion, which largely denied his requested relief for lack of jurisdiction, see *In re Gladys V Ragsdale Trust*, unpublished per curiam opinion of the Court of Appeals, issued June 20, 2024 (Docket No. 358720), and our subsequent order granting sanctions for pursuing a vexatious appeal, see *In re Gladys V Ragsdale Trust*, unpublished order of the Court of Appeals, entered August 9, 2024 (Docket No. 358720). In lieu of granting the application for leave to appeal, our Supreme Court remanded to this Court to explain the reasons for awarding sanctions for pursuing a vexatious appeal.

Mark appealed as of right "a September 8, 2021 order allowing the first and final account of John M. Chase III, the second successor trustee of the Gladys V. Ragsdale Trust (the Trust), allowing the payment of $4,600 in fiduciary fees, and directing the release of the remaining assets of the Trust pursuant to a schedule of distributions." *In re Gladys V Ragsdale Trust*, unpub op at 1. But none of his requested relief related to that order. *Id.* at 1, 5. Instead, most of his issues on appeal stemmed from a ruling 18 months earlier on February 14, 2020. *Id.* at 5-7. Some of his

---

[1] For ease of reference, we will refer to the family members in this case by their first names.

issues related to a December 14, 2020 order. Some related to a January 4, 2021 order. *Id.* at 7. None related to the September 8, 2021 order from which he appealed. *Id.* at 5. Appellee, Valeria J. Tostige (Valeria), identified this problem as early as October 18, 2021, in a motion to dismiss. See *In re Gladys V Ragsdale Trust*, unpublished order of the Court of Appeals, entered November 18, 2021 (Docket No. 358720). The problems in this case may not have been immediately apparent to the Court; however, they were apparent to Mark. He could have voluntarily dismissed the appeal, limited the scope of the appeal to issues involving the September 8, 2021 order, or taken other steps to mitigate the time and expense related to this portion of an already expansive case that has spanned the circuit court, the probate court, the bankruptcy court, two visits to this Court, and now the Michigan Supreme Court. Because of his decision not to do so, we granted Valeria's motion for sanctions and remanded to the probate court for an evidentiary hearing on those damages. These reasons, and those later stated, underpin our order granting Valeria's motion for sanctions related to the vexatious appeal.

By way of background, this legal dispute has lasted several years. See *In re Gladys V Ragsdale Trust*, unpub op at 2-3. As stated, the dispute at various times was in the circuit court, the probate court, the bankruptcy court, and this Court. As described in the opinion, "[t]he dispute was largely between Mark and his sister, Valeria, about the assets of their now-deceased mother, Gladys Ragsdale (Gladys), and those of her estate." *Id.* at 2. The original issue related to a loan Gladys made to Valeria in 2006, before Gladys established the Trust in 2007. *Id.* Later in 2012, Mark sued Valeria on behalf of the Trust to collect the debt stemming from the personal loan. *Id.* But contrary to Mark's numerous assertions, the loan was never a trust asset. *Id.* at 2-3. After years of litigation in circuit court, bankruptcy court, and probate court, the probate court granted summary disposition in favor of Valeria on her claims for fraud on the court and breach of fiduciary duty relating to Mark's misrepresentation regarding the loan and Gladys's purported assignment of the loan to the trust. *Id.* This Court affirmed the grant of summary disposition on the fraud-on-the-court claim and reversed and remanded on the breach-of-fiduciary-duty claim. *Tostige v Ragsdale*, unpublished per curiam opinion of the Court of Appeals, issued December 19, 2017 (Docket No. 334094). On remand, the probate court granted summary disposition to Valeria with respect to liability on her claim for breach of fiduciary duty, leaving the issue of damages for an evidentiary hearing. *In re Gladys V Ragsdale Trust*, unpub at 2. All of this was prior to the present appeal. Though these facts do not form the basis of the order granting sanctions, it is important to understand the protracted background of this case leading to the present appeal.

In the present appeal, Mark challenged several decisions from the probate court. The bulk of his claims of error related to a February 14, 2020 order, following a three-day evidentiary hearing, where the probate court (1) removed Mark as trustee, (2) surcharged him (primarily on the basis that Mark made a material misrepresentation in his 2012 collection action), and (3) refused to permit the Trust to set off the amount of a default judgment against Valeria's share of the distribution of the Trust assets.[2] *Id.* at 5-7. Another claim of error related to the December 14, 2020 order (following a November 2020 opinion), determining the amount of the surcharge. *Id.*

---

[2] As noted in the opinion, Mark's second issue was intertwined with the issues ultimately resolved in the February 14, 2020 final order.

at 8. Finally, Mark challenged the probate court's January 4, 2021 order denying a motion for sanctions that he filed in the probate court. *Id.* at 8.

As noted in the earlier opinion, Mark did not file a claim of appeal related to any of these final orders. *Id.* at 3, 5-8. "Instead, Mark filed the instant appeal from the probate court's September 8, 2021 order allowing Chase's first and final account, allowing the payment of $4,600 in fiduciary fees to Chase, and directing the release of the remaining assets of the Trust pursuant to a schedule of distributions." *Id.* at 3. His appeal does not relate to that order. Rather, it relates to final orders issued between 8 and 18 months before he filed his claim of appeal.

Valeria identified this problem early in the case and continued to identify the problem until we granted relief. Shortly after Mark filed his claim of appeal, Valeria unsuccessfully moved to dismiss for lack of jurisdiction. *In re Gladys V Ragsdale Trust*, unpublished order of the Court of Appeals, entered November 18, 2021 (Docket No. 358720). That was before Mark filed his brief identifying the issues on appeal. After Mark filed his appellate brief, "Valeria filed another motion to dismiss the appeal for lack of jurisdiction. Valeria argued that the issues Mark raised on appeal did not concern the September 8, 2021 order from which this appeal arises but rather concerned earlier final orders from which Mark had failed to file a timely appeal." *Id.* at 3. We again denied Valeria's motion to dismiss for lack jurisdiction, explaining:

> The motion to dismiss is DENIED. The Court has jurisdiction of the appeal, which was timely filed from the September 8, 2021 order. This denial is without prejudice to appellee challenging in the appellee brief whether issues raised by appellant are properly before the Court. [*In re Gladys V Ragsdale Trust*, unpublished order of the Court of Appeals, entered June 9, 2022 (Docket No. 358720).]

Valeria then raised the issues in her appellate brief. In that brief, she requested sanctions for a vexatious appeal. In response, Mark essentially acknowledged that the issues were outside of the scope of the appeal, but requested that the Court treat his appeal as if on leave granted.

We ultimately agreed with Valeria's arguments regarding jurisdiction, the scope of the appeal, and Mark's failure to timely appeal the orders he was challenging. *In re Gladys V Ragsdale Trust*, unpub op at 3-8. But we initially rejected her request for sanctions as not properly before the Court because Valeria requested them in a brief, not a motion. *Id.* at 9.

Valeria then moved for sanctions for pursuing a vexatious appeal. Regarding the appeal, Valeria noted that her April 2022 motion to dismiss outlined many of the legal conclusions the Court ultimately reached. In short, she argued that the Court lacked jurisdiction at the beginning of the case, she identified this problem at the beginning of the case, and Mark ignored a variety of off-ramps. Mark opposed her motion.

We granted the request for sanctions under MCR 7.216(C)(1)(a) and remanded the case to the trial court to determine the amount of Valeria's actual damages as a result of the appeal under MCR 7.216(C)(2). After Mark applied for leave to appeal, our Supreme Court remanded for us to explain the reasons we issued that order.

We concluded that the present appeal was vexatious because it was taken without any reasonable basis for belief that there was a meritorious issue to be determined on appeal. See MCR 7.216(C)(1)(a). So we granted sanctions. See *id*. See also *Dillion v DeNooyer Chevrolet Geo*, 217 Mich App 163, 169-170; 550 NW2d 846 (1996); *Wilson v Knight-Ridder Newspapers, Inc*, 190 Mich App 277, 280; 475 NW2d 388 (1991). MCR 7.216 permits the Court to assess damages for vexatious litigation. See MCR 7.216(C)(1)(a). In relevant part, it provides:

> (1) The Court of Appeals may, on its own initiative or on the motion of any party filed under MCR 7.211(C)(8), assess actual and punitive damages or take other disciplinary action when it determines that an appeal or any of the proceedings in an appeal was vexatious because
>
>> (a) the appeal was taken for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal . . . . [MCR 7.216(C)(1)(a).]

We incorporate by reference our analysis regarding the Court's lack of jurisdiction over the issues Mark raised on appeal. See *In re Gladys v Ragsdale Trust*, unpub op at 3-8. As described in the underlying opinion, Mark had no reasonable belief that the issues he raised on appeal were within this Court's jurisdiction. In that respect, they were meritless. Valeria identified this problem early in this case. She filed multiple motions that indicated the lack of meritorious issues to be determined on appeal due to a lack of jurisdiction. In spite of numerous opportunities to abandon the appeal, Mark continued. Valeria is now entitled to damages. See MCR 7.216(C)(1)(a). The probate court is in the best position to assess the extent of the damages. See MCR 7.216(C)(2).

/s/ Kristina Robinson Garrett
/s/ Kirsten Frank Kelly
/s/ Noah P. Hood